■ In the Matter of MARY VANGAS, Respondent, v DIMITRIOS LADAS, Appellant. [687 NYS2d 399] —In a visitation proceeding pursuant Family Court Act article 6, the father appeals from an order of the Family Court, Rockland County (Warren, J.), dated July 21, 1997, which granted the mother's application to modify the father's visitation rights.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contentions, the Family Court did not improperly reduce his visitation with his son. While such determinations should generally be made only after a full evidentiary hearing (*see, Matter of Nakis-Batos v Nakis,* 191 AD2d 443), here, the Family Court possessed sufficient information to render an informed determination that was consistent with the child's best interests (*see, Matter of Hermann v Chakurmanian,* 243 AD2d 1003; *Matter of Davies v Davies,* 223 AD2d 884; *Matter of Oliver S. v Chemung County Dept. of Social Servs.,* 162 AD2d 820). Indeed, the court made its determination after having examined the parents over several court appearances, and after having granted the father an adjournment to obtain legal representation. The father eschewed this option and continued to appear *pro se.* The court conducted an in camera interview of the child to ascertain his wishes, and further elicited the opinion of the Law Guardian. The evidence amply supports the court's reduction of the father's weekend visitation based upon, *inter alia*, the child's wishes, and the fact that the father generally works during much of the

weekend visitation period, leaving the child with the father's wife. In light of all of the foregoing, it is clear that the Family Court possessed sufficient information upon which it rendered a provident determination in the best interests of the child. S. Miller, J. P., Santucci, Friedmann and Florio, JJ., concur.