In the Matter of GEORGE HOM, Appellant, v JANE ZULLO, Respondent. [775 NYS2d 66]—

In a visitation proceeding pursuant to Family Court Act article 6, the petitioner father appeals from (1) an order of the Family Court, Nassau County (Brennan, J.), dated August 29, 2002, which, without a hearing, in effect, denied his petition to enforce a visitation order of the Supreme Court, Nassau County, dated December 3, 1996, and suspended his summer visitation with the parties' minor child, and (2) an order of the same court dated June 10, 2002, which, inter alia, denied as academic his motion to obtain releases for medical and school records concerning the parties' children.

Ordered that the orders are affirmed, with one bill of costs.

Generally an evidentiary hearing is necessary concerning a modification of visitation (*see Matter of Vangas v Ladas,* 259 AD2d 755 [1999]). However, a hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child's best interest (*see Matter of Smith v Molody-Smith,* 307 AD2d 364 [2003]). The Family Court was fully familiar with relevant background facts regarding the parties and the child from several past proceedings. In addition, the Law Guardian, who had been involved in the case for over 10 years, recommended that visitation be suspended until the father and the child attended counseling. The Law Guardian indicated that the father did not "trust" the daughter, and he felt that she had been "brainwashed" against him. Further, the father refused to take any responsibility for the deterioration of his relationship with his teenage daughter. Under these circumstances, the Family Court's determination not to conduct an evidentiary hearing before suspending visitation was a provident judgment of discretion.

The father's remaining contentions are without merit. Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.