■ In the Matter of BENJAMIN PEREZ, Respondent, v GRISSEL SEPULVEDA, Appellant. DANIEL E. LUBETSKY, Nonparty Respondent. [857 NYS2d 659]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals (1) from an order of the Family Court, Queens County (Richroath, J.), dated November 22, 2006, which granted the motion of the attorney for the child to compel her to submit to a psychiatric evaluation and (2), as limited by her brief, from so much of an order of the same court dated February 9, 2007, as, without a hearing, granted the motion of the attorney for the child to suspend her visitation with the child to the extent of directing that such visitation be supervised pending the completion of the psychiatric evaluation.

Ordered that the order dated November 22, 2006 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated February 9, 2007 is affirmed insofar as appealed from, without costs or disbursements.

The mother contends that the Family Court erred in modifying her visitation without a hearing. In general, an evidentiary hearing is necessary regarding a modification of visitation (*see Matter of Hom v Zullo,* 6 AD3d 536 [2004]; *Matter of Vangas v Ladas,* 259 AD2d 755 [1999]). "However, a hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child's best interest" (*Matter of Hom v Zullo,* 6 AD3d at 536; *see Matter of Smith v Molody-Smith,* 307 AD2d 364 [2003]).

Here, the Family Court was fully familiar with the relevant background facts regarding the parties and the child from several past proceedings. In addition, the court conducted an in camera interview with the child. Moreover, it was the position of the attorney for the child, who had been involved in the case for several years, that visitation be either suspended or supervised pending the completion of the psychiatric evaluation. Under the circumstances, the Family Court possessed sufficient information to render, without a hearing, an informed visitation

determination consistent with the best interests of the child (*see Matter of Hom v Zullo*, 6 AD3d 536 [2004]; *Matter of Vangas v Ladas*, 259 AD2d 755 [1999]).

The mother's remaining contentions are without merit. Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.