■ In the Matter of ATTALLAH N. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MELVIN SHAMM L., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of SHABAZZ N. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MELVIN SHAMM L., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of SH'KENYA N. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MELVIN SHAMM L., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of LEROY N. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MELVIN SHAMM L., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of SHALAUN N. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MELVIN SHAMM L., Appellant, et al., Respondent. (Proceeding No. 5.) In the Matter of TYRONE N. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MELVIN SHAMM L., Appellant, et al., Respondent. (Proceeding No. 6.) In the Matter of KALEK N. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MELVIN SHAMM L., Appellant, et al., Respondent. (Proceeding No. 7.) In the Matter of SHAMIKA N. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MELVIN SHAMM L., Appellant, et al., Respondent. (Proceeding No. 8.) [884 NYS2d 870]—

In related neglect proceedings pursuant to Family Court Act article 10, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Kings County (Lim, J.), dated January 14, 2008, as denied his application for a permanency hearing at which he could present testimony and cross-examine witnesses, and denied his motion for an order awarding him visitation with his daughters Shalaun N., Shamika N., and Sh'Kenya N., (2) an order of the same court, also dated January 14, 2008, which extended the placement of Shalaun N., Shamika N., and Sh'Kenya N., and approved a permanency plan for those children, (3) an order of the same court, also dated January 14, 2008, which extended the placement of Leroy N. and Tyrone N., and approved a permanency plan for those children, and (4) an order of the same court, also dated January 14, 2008, which extended the placement of Shabazz N. and Kalek N., and approved a permanency plan for those children.

Ordered that the appeal from so much of the first order dated January 14, 2008 as denied the father's application for a permanency hearing at which he could present testimony and cross-examine witnesses, and the appeals from the three additional orders dated January 14, 2008 are dismissed as academic, without costs or disbursements, in light of two subsequent orders of the Family Court, Kings County, dated January 9, 2009 and March 24, 2009, respectively; and it is further,

Ordered that the first order dated January 14, 2008, is affirmed insofar as reviewed, without costs or disbursements.

The father contends that the Family Court erred in denying his application to conduct a permanency hearing on January 14, 2008 at which he could present testimony and cross-examine witnesses, and in issuing three additional orders extending the placement of his seven children and approving permanency plans for them absent such a hearing. However, while these appeals were pending the Family Court conducted a permanency hearing on January 9, 2009 which resulted in a new permanency hearing order for the children. A subsequent motion by the father to vacate the permanency hearing order dated January 9, 2009 was denied by the Family Court in an order dated March 24, 2009. Under these circumstances, the father's appeals from so much of the January 14, 2008 order as denied his application for a permanency hearing at which he could present testimony and cross-examine witnesses, and from the additional orders issued on that date, have been rendered academic (*see Matter of Angelo O.*, 41 AD3d 605 [2007]; *Matter of Lecknold M.*, 33 AD3d 616 [2006]).

Contrary to the father's contention, the Family Court providently exercised its discretion in denying, without a hearing, his motion for an order awarding him visitation with his three daughters. The court was not required to hold a hearing on the father's motion for visitation because it was fully familiar with the relevant background facts from several prior proceedings, and possessed sufficient information to render an informed determination consistent with the best interests of the children (*see Matter of Amir J.-L.*, 57 AD3d 669 [2008]; *Matter of Perez v Sepulveda*, 51 AD3d 673 [2008]; *Matter of Hom v Zullo*, 6 AD3d 536 [2004]). Furthermore, there is a sound and substantial basis in the record for the court's determination that the resumption of visitation between the father and his daughters would not be in the children's best interests (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Martin v Martin*, 15 AD3d 662 [2005]; *see also Matter of Amir J.-L.*, 57 AD3d 669 [2008]). The three children, who have been

in pre-adoptive homes since 2000, oppose visitation, and their therapist has indicated that compelled visitation would be harmful to their emotional well being. Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.