In the Matter of JOYCE MARIE CATALANO, Appellant, v CHRISTOPHER CATALANO, Respondent. [887 NYS2d 671]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Luft, J.), dated September 5, 2008, which, after a hearing, in effect, dismissed her petition to modify the custody provisions of the parties' judgment of divorce entered December 10, 2003, which incorporated, but did not merge, their stipulation of settlement dated July 15, 2003, so as to award her sole custody of the parties' child, and granted, in part, that branch of the father's cross petition which was to modify the "parenting time schedule" of the judgment of divorce.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court did not err in dismissing the mother's petition to modify the parties' custody stipulation so as to award her sole custody of the parties' child. A modification of an existing custody or visitation arrangement should be made only upon a showing of a sufficient change in circumstances demonstrating a genuine need for a change in order to insure the child's best interests (*see* Family Ct Act § 652 [a]; *Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]; *Matter of Manfredo v Manfredo*, 53 AD3d 498, 499 [2008]; *Matter of Sharma v Sharma*, 35 AD3d 746 [2006]). Here, the mother's testimony did not establish changed circumstances showing that a change of custody would be in the child's best interests (*see Foley v Foley*, 52 AD3d 773 [2008]; *see also Matter of Said v Said*, 61 AD3d 879 [2009]).

The Family Court did not err in finding that modification of the parties' "parenting time schedule" was warranted based on, inter alia, the testimony of the child's treating psychologist (*see Matter of Ammirata v Ammirata*, 49 AD3d 829 [2008]; *Matter of La Scola v Litz*, 258 AD2d 792 [1999]; *see also Murray v Skiff-Murray*, 289 AD2d 805, 807 [2001]). Further, " '[t]he decision whether to direct a psychological or social evaluation in a child custody dispute . . . is within the sound discretion of the [Family Court]' " (*Matter of Salamone-Finchum v McDevitt*, 28 AD3d 670, 671 [2006], quoting *Matter of Paul C. v Tracy C.*, 209 AD2d 955, 955 [1994]; *see Matter of Nunnery v Nunnery*, 275 AD2d 986, 987 [2000]). The court did not improvidently exercise its discretion in denying the mother's request for an independent forensic evaluation of the child under the circumstances of this case (*see Matter of Paul C. v Tracy C.*, 209 AD2d at 955).

The mother's remaining contentions are without merit. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.