In the Matter of PRUDENCE JEFFERS, Appellant, v ANTHONY HICKS, Respondent. [888 NYS2d 593]—In a visitation

proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Graham, J.), dated October 3, 2008, which, without a hearing, in effect, modified a prior order of custody and visitation by limiting her visitation with the parties' two children, Tonisha and Omar, to certain telephone contact.

Ordered that the appeal from so much of the order as relates to Tonisha is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order as relates to Tonisha has been rendered academic because Tonisha is now over the age of 18 and, thus, no longer is a minor subject to an order directing visitation (*see* Family Ct Act § 119 [c]; 651; *see also Matter of Lozada v Pinto,* 7 AD3d 801 [2004]).

Generally, an evidentiary hearing is necessary regarding a modification of visitation (*see Matter of Perez v Sepulveda,* 51 AD3d 673, 673 [2008]; *Matter of Hom v Zullo,* 6 AD3d 536 [2004]). Here, however, because the Family Court "possesse[d] adequate relevant information to enable it to make an informed and provident determination as to [Omar's] best interest," a hearing on the issue of a modification of the prior visitation order was unnecessary (*Matter of Perez v Sepulveda,* 51 AD3d at 673). The Family Court was fully familiar with relevant facts regarding the parents and Omar considering, inter alia, the numerous court dates and the relationship between the parties (*see Matter of Attallah N.,* 65 AD3d 1047, 1048 [2009]; *Matter of Perez v Sepulveda,* 51 AD3d at 673). Furthermore, the court's determination as to visitation was not an improvident exercise of discretion. Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.