■ In the Matter of PAUL FLANGOS, Appellant, v ELISE GOLDSTEIN FLANGOS, Respondent. [894 NYS2d 104]—

In related visitation proceedings pursuant to Family Court article 6, the father appeals from an order of the Family Court, Westchester County (Klein, J.), entered May 1, 2009, which, without a hearing, granted the mother's motion to dismiss the petition for supervised visitation.

Ordered that the order is affirmed, without costs or disbursements.

The father and the mother have three sons. After a trial in the Integrated Domestic Violence Part of the Supreme Court, Westchester County, regarding family offenses which included the father's verbal assaults on the parties' children and threatening and intimidating behavior, the Supreme Court, inter alia, issued a five-year order of protection entered July 18, 2006, which precluded the father from having any contact with the mother and the children. On September 19, 2006, the court entered an order awarding the mother sole legal and physical custody and suspended the father's visitation.

After the father was convicted of criminal charges of misdemeanor and felony criminal contempt for violating the terms of the order of protection and sentenced to a period of incarceration, the order of protection was extended for an additional period of five years. The father was released from incarceration

after 16 months and commenced these Family Court article 6 proceedings, requesting supervised visitation with his children.

"In general, an evidentiary hearing is necessary regarding modification of visitation" (*Matter of Perez v Sepulveda*, 51 AD3d 673, 673 [2008]). However, "[o]ne who seeks a change in visitation is not automatically entitled to a hearing but must make a sufficient evidentiary showing of a material change of circumstances to warrant a hearing" (*Matter of Reilly v Reilly*, 64 AD3d 660, 660 [2009]). Here, the Family Court had before it a complete record of the father's longstanding abusive conduct and patent disregard for his children's well being, dating back to the family offense petitions filed in 2003 and 2004, and the October 2006 supporting depositions underlying the father's convictions for contempt, which demonstrated his persistent inability to control himself despite the obvious and egregious detriment to his children's well being. The Family Court also had before it the report of the forensic evaluator who diagnosed the father as having severe psychological disorders, and expressly recommended against granting the very relief which the father requests, i.e., permitting him visitation merely because he attended therapy. Similarly unavailing is the father's contention that his completion of a 16-month period of incarceration entitled him to supervised visitation. Under these circumstances, the father failed to make the requisite evidentiary showing sufficient to establish the need for a hearing (*see Matter of Reilly v Reilly*, 64 AD3d 660 [2009]; *Matter of Rodriguez v Hangartner*, 59 AD3d 630 [2009]; *Matter of Potente v Wasilewski*, 51 AD3d 675 [2008]; *Matter of Hongach v Hongach*, 44 AD3d 664 [2007]).

The father's remaining contention is without merit.

Accordingly, the Family Court properly dismissed, without a hearing, the father's petition for supervised visitation. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.