■ In the Matter of DEVORAH WEINSCHNEIDER, Respondent-Appellant, v DAVID WEINSCHNEIDER, Appellant-Respondent. [901 NYS2d 701]—In related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Krauss, J.), dated January 13, 2009, as, without a hearing, granted the mother's petition to modify a prior order of custody and visitation dated April 10, 2008, to the extent of limiting his visitation with the parties' children Aaron and Batsheva to certain locations, and set a schedule for future self-executing fines against the father for any possible violations of the court's order relating to the mother's visitation with the parties' child Yael, and the mother cross-appeals, as limited by her brief, from so much of the same order as failed to impose sanctions upon the father.

Ordered that the appeal from so much of the order as set a schedule for future self-executing fines against the father for any possible violations of the court's order relating to the mother's visitation with the parties' child Yael is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from, without costs or disbursements.

The appeal from so much of the order as relates to the father's compliance with visitation requirements involving the parties' child Yael has been rendered academic because Yael is now over the age of 18 and, thus, is no longer a minor subject to an order directing visitation (*see Matter of Jeffers v Hicks*, 67 AD3d 800, 801 [2009]).

The father contends that the Family Court erred in granting the mother's petition to modify a prior custody and visitation order to the extent of limiting his visitation with the parties' children Aaron and Batsheva without a hearing. Generally, an evidentiary hearing is necessary regarding a modification of visitation (*see Matter of Perez v Sepulveda*, 51 AD3d 673 [2008]; *Matter of Hom v Zullo*, 6 AD3d 536 [2004]). However, a hearing is not necessary where the court possesses adequate relevant information to make an informed determination of the children's best interests (*see Matter of Franklin v Richey*, 57 AD3d 663, 665 [2008]; *Matter of Perez v Sepulveda*, 51 AD3d at 673; *Matter of Glenn v Glenn*, 262 AD2d 885, 887 [1999]). Here, the Family Court was fully familiar with the relevant facts regarding the parents and their children so as to make an informed determination on the children's best interests (*see Matter of Jeffers v Hicks*, 67 AD3d at 801; *Matter of Franklin v Richey*, 57 AD3d at 665; *Matter of Perez v Sepulveda*, 51 AD3d at 673; *Matter of Hom v Zullo*, 6 AD3d at 536). Furthermore, the Family Court's determination as to visitation was not an improvident exercise of discretion (*see Matter of Jeffers v Hicks*, 67 AD3d at 801; *Zafran v Zafran*, 28 AD3d 753, 755 [2006]; *Zafran v Zafran*, 306 AD2d 468, 470 [2003]; *Matter of Frances K. v Christopher T.*, 220 AD2d 422, 423 [1995]).

The father's remaining contentions are not properly before this Court, without merit, or academic in light of our determination.

The mother's contentions are without merit. Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur.