In the Matter of KALI McDADE, Appellant, v DIANA K. SPINK, Respondent. [904 NYS2d 604]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered August 4, 2009 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, determined that petitioner was entitled to a certain period of extended visitation with the parties' child during summer vacation should petitioner take a vacation.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Cattaraugus County, for a hearing in accordance with the following memorandum: Petitioner father, as limited by his brief on appeal, contends that Family Court erred in failing to conduct an evidentiary hearing prior to ordering that he was entitled to one week of extended visitation with his child during summer vacation "should [the father] be taking a vacation." As a general rule, " '[d]eterminations affecting custody and visitation should be made following a full evidentiary hearing, not on the basis of conflicting allegations' " (*Matter of Kenneth M. v Monique M.*, 48 AD3d 1174, 1174-1175 [2008]). Although no hearing is required where "it is clear from the record that the court 'possessed sufficient information to render an informed determination that was consistent with the child's best interests' " (*Matter of Bogdan v Bogdan*, 291 AD2d 909 [2002]), that is not the case here (*see Matter of Almasi v Bauer*, 27 AD3d 1155, 1156 [2006]; *cf. Matter of Jeffers v Hicks*, 67 AD3d 800 [2009], *lv denied* 14 NY3d 705 [2010]). In his petition, the father sought modification of a prior visitation order by, inter alia, extending his visitation with the child during the summer vacation. There is no indication in the record that there was any prior hearing involving the child, and the only evidence before the court with respect to the current visitation schedule was based upon brief allegations of the parties' attorneys and the Law Guardian during one court appearance. In the absence of evidence presented at a hearing, we are unable to determine the propriety of the court's modification of the father's visitation schedule with the child during summer vacation. We therefore reverse the order insofar as appealed from and remit

the matter to Family Court for a hearing to determine whether extended visitation with the father during summer vacation is in the child's best interests. Present—Centra, J.P., Peradotto, Carni, Lindley and Pine, JJ.