■ In the Matter of ROBERT T. LAMARCHE, JR., Respondent, v ALANA JESSIE, Appellant. [904 NYS2d 176]—In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Westchester County (Klein, J.), dated December 9, 2009, which, without a hearing, granted that branch of the father's petition which sought unsupervised visitation with the subject child, and (2) an order of the same court dated January 19, 2010, which, without a hearing, granted that branch of the father's petition which sought unsupervised overnight visitation with the subject child.

Ordered that the orders are reversed, on the law and the facts, with one bill of costs to the appellant, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.

"Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1148-1149 [2010]; *see* Family Ct Act § 467 [a]; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]; *Matter of Catalano v Catalano*, 66 AD3d 1012, 1013 [2009]). "Generally, an evidentiary hearing is necessary regarding a modification of visita-

tion" (*Matter of Jeffers v Hicks*, 67 AD3d 800, 801 [2009]; *see Matter of Perez v Sepulveda*, 51 AD3d 673 [2008]). However, "a hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child's best interest" (*Matter of Hom v Zullo*, 6 AD3d 536 [2004]; *see Matter of Jeffers v Hicks*, 67 AD3d at 801; *Matter of Attallah N.*, 65 AD3d 1047, 1048 [2009]; *Matter of Amir J.-L.*, 57 AD3d 669 [2008]; *Matter of Franklin v Richey*, 57 AD3d 663, 665 [2008]).

Here, the father petitioned to receive unsupervised visitation and unsupervised overnight visitation with the subject child. His evidentiary submissions were sufficient to warrant a hearing, and the court did not possess adequate relevant information to enable it to make a determination as to the best interests of the child in the absence of a hearing.

Accordingly, the matter must be remitted to the Family Court, Westchester County, for a hearing with respect to the father's petition, after the completion of a full forensic evaluation of the father and the results of a home study (*see Matter of Jave v Danial*, 70 AD3d 696 [2010]; *Matter of Sahara K.*, 66 AD3d 1024, 1025 [2009]). Rivera, J.P., Covello, Balkin and Hall, JJ., concur.