In related visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), dated October 8, 2009, as, without a hearing, in effect, dismissed those branches of the petition which sought to add a therapeutic component to his visitation or, alternatively, to suspend his obligation to pay maintenance and child support.
Ordered that the order is affirmed insofar as appealed from, with costs.
“Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child” (Matter of Leichter-Kessler v Kessler, 71 AD3d 1148, 1148-1149 [2010]; see Matter of Balgley v Cohen, 73 AD3d 1038 [2010]). “A party seeking a change in visitation or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing” (Matter of Leichter-Kessler v Kessler, 71 AD3d at 1149; see Matter of Grant v Hunter, 64 AD3d 779 [2009]; Matter of Riedel v Riedel, 61 AD3d 979 [2009]). Moreover, “a hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child’s best interest” (Matter of Horn v Zullo, 6 AD3d 536, 536 [2004]; see Matter of Perez v Sepulveda, 51 AD3d 673 [2008]; Matter of Smith v Molody-Smith, 307 AD2d 364 [2003]).
*532 Here, the father, in support of those branches of the petition which sought to add a therapeutic component to his visitation or, alternatively, to suspend his obligation to pay maintenance and child support, failed to allege that any change in circumstances occurred since the entry of a prior visitation order in or about April 2008. Rather, the father concedes that he is seeking to address an ongoing situation that has allegedly continued since the parties executed a stipulation of settlement in an underlying matrimonial action on April 11, 2005, or, as he describes it, “over the past five years.” Moreover, the father does not allege conduct on the part of the mother that, if proven, would “rise to the level of ‘deliberate frustration’ or ‘active interference’ with the noncustodial parent’s visitation rights” (Ledgin v Ledgin, 36 AD3d 669, 670 [2007], quoting Weinreich v Weinreich, 184 AD2d 505, 506 [1992]; see Matter of Smith v Graves, 305 AD2d 419 [2003]; Matter of Glum v Seksinsky, 263 AD2d 507 [1999]; Matter of Beal v Beal, 244 AD2d 550 [1997]) such as to warrant suspension of his maintenance or child support obligation.
In addition, the April 2008 visitation order was entered on consent approximately one year prior to the service of the petition that is the subject of the instant appeal, that order disposed of contentions made by the parties that are identical to those made in connection with the instant petition, and the same Family Court judge presided over the proceedings involving the instant petition, the father’s 2008 visitation request, and a sup^port proceeding commenced by the mother against the father. Accordingly, the Family Court properly found that, even without a hearing, it possessed “adequate relevant information to enable it to make an informed and provident determination as to the child’s best interest” (Matter of Hom v Zullo, 6 AD3d at 536; see Matter of Perez v Sepulveda, 51 AD3d 673 [2008]; Matter of Smith v Molody-Smith, 307 AD2d 364 [2003]), as well as with respect to the allegations of alienation. Skelos, J.P., Hall, Roman and Sgroi, JJ., concur.