■ In the Matter of EDWARD DANIEL PELUSO, Appellant, v THERESA K. KASUN, Respondent. [910 NYS2d 689]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Ebrahimoff, Ct. Atty. Ref.), dated July 30, 2009, as, without a hearing, granted the mother's petition to modify a prior order of visitation of the same court dated July 25, 2006, so as to direct that the father have only therapeutic supervised visitation.

Ordered that the order dated July 30, 2009, is affirmed insofar as appealed from, with costs.

"In general, an evidentiary hearing is necessary regarding

modification of visitation" (*Matter of Flangos v Flangos*, 70 AD3d 691, 692 [2010], quoting *Matter of Perez v Sepulveda*, 51 AD3d 673, 673 [2008]). "However, a hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child[ren's] best interest" (*Matter of Hom v Zullo*, 6 AD3d 536 [2004]). Here, the father waived his right to a hearing. The Family Court offered twice to hold a hearing on the issue of visitation, and the father's counsel indicated that the father did not want a hearing. In any event, the Family Court possessed adequate relevant information to enable it to make an informed and provident determination as to the children's best interest. The Family Court had presided over the parties' extensive court appearances since approximately 2006, and was intimately familiar with their situation. Further, the Family Court conducted an in camera interview with the children.

The father's remaining contention is without merit. Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.