■ In the Matter of AMBER S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PATRICIA S., Appellant. In the

Matter of DARRIUS S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PATRICIA S., Appellant. In the Matter of ASHLEY B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PATRICIA S., Appellant. [923 NYS2d 221]—

In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals (1) from three orders of the Family Court, Kings County (McElrath, J.), all dated December 9, 2010 (one as to each child), which, after a fact-finding hearing pursuant to Family Court Act § 1051 (d), removed the subject children from her custody and placed them in the custody of the Administration for Children's Services pending the issuance of a final order of disposition, and (2), as limited by her brief, from so much of an order of the same court dated January 14, 2011, as, in effect, upon granting her motion for leave to reargue, adhered to its original determinations in the orders dated December 9, 2010.

Ordered that the appeals from the orders dated December 9, 2010, are dismissed, without costs or disbursements, as those orders were superseded by the order dated January 14, 2011, made, in effect, upon reargument; and it is further,

Ordered that the order dated January 14, 2011, is affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced the instant proceedings, alleging that the mother neglected the three subject children. After conducting a fact-finding hearing, the Family Court determined that the mother had indeed neglected the children. Specifically, the Family Court determined that the mother failed to provide the children with safe and appropriate housing. As to two of the children, the Family Court further found that the mother failed to ensure that they attended school regularly. After the fact-finding hearing, the parties reached a tentative agreement as to the terms of a proposed disposition, pursuant to which the children would be released to the mother for a period of six months under the petitioner's supervision. However, the matter was adjourned without the entry of a dispositional order after the Attorney for the Children advised the Family Court that a social

worker had visited the mother's home and found that there was no food in the home.

Approximately two months later, the petitioner moved pursuant to Family Court Act § 1051 (d) to remove the children from the mother and remand them to its custody pending the issuance of a final order of disposition. In support of its motion, the petitioner relied, inter alia, on an affidavit from a caseworker which stated, among other things, that the family had to relocate after their home was damaged as a result of a fire set by one of the mother's adult children; that the subject child Amber S., who was 17 years old, was living with her boyfriend much of the time, that Amber S. only returned to the mother's home on the first of each month to take the mother's support checks from her, and that she smoked marijuana and drank alcohol and the mother did not stop her; that the subject child Darrius S., who was 13 years old, did not attend school, came and went as he pleased, and smoked marijuana and drank alcohol; and that the subject child Ashley B., who was 12 years old, frequently stayed out at night until 12:00 or 1:00 A.M., and often went to school dirty and emitting a foul odor. After oral argument, the Family Court concluded that matters had deteriorated since the fact-finding hearing. The Family Court also stated that there was a substantial probability that the final order of disposition would be an order of placement.

In three orders dated December 9, 2010 (one as to each child), the Family Court removed the subject children from the mother's care and placed them in the petitioner's care pending a final order of disposition. Thereafter, upon granting the mother's motion, in effect, for leave to reargue, the Family Court in an order dated January 14, 2011, adhered to its prior determinations. We affirm the order dated January 14, 2011, insofar as appealed from.

Family Court Act § 1051 (d) provides: "[i]f the court makes a finding of abuse or neglect, it shall determine, based upon the facts adduced during the fact-finding hearing and any other additional facts presented to it, whether a preliminary order pursuant to [Family Ct Act § 1027] is required to protect the child's interests pending a final order of disposition. The court shall state the grounds for its determination. In addition, a child found to be abused or neglected may be removed and remanded to a place approved for such purpose by the local social services department or be placed in the custody of a suitable person, pending a final order of disposition, if the court finds that there is a substantial probability that the final order of disposition will be an order of placement under [Family Ct Act § 1055]. In

determining whether substantial probability exists, the court shall consider the requirements of [Family Ct Act § 1052 (b)]."

Here, the Family Court had found that the mother neglected the subject children. Additionally, the Family Court expressly determined that there was a substantial probability that the final order of disposition would be an order of placement. Accordingly, pursuant to Family Court Act § 1051 (d), the Family Court was authorized to remand the subject children to the petitioner pending a final order of disposition. Contrary to the contentions of the mother and the Attorney for the Children, the Family Court was not required to hold another hearing pursuant to Family Court Act § 1051 (d) prior to removing the children from the mother's care and placing them with the petitioner pending a final order of disposition. In most cases, a court should hold an additional hearing to determine whether placement pursuant to Family Court Act § 1051 (d) pending the final order of disposition is the proper course. However, that section does not expressly require a hearing. Moreover, under the particular circumstances of this case, where the court possessed an abundance of information sufficient to make an informed determination of the children's best interests, based on, among other things, uncontroverted allegations, and the propriety of removal of the children from the mother's care was readily apparent, an additional hearing was not strictly necessary (*see* Family Ct Act § 1051 [d]; *see also* Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1051, at 15 ["Although the subdivision does not overtly require a hearing regarding this issue, one would be appropriate unless the need for removal or the continuation of an earlier removal is manifest at that juncture"]; *cf. Matter of Weinschneider v Weinschneider*, 73 AD3d 1194, 1195 [2010]; *Matter of Franklin v Richey*, 57 AD3d 663, 665 [2008]; *Matter of Perez v Sepulveda*, 51 AD3d 673 [2008]; *Matter of Glenn v Glenn*, 262 AD2d 885, 887 [1999]). Accordingly, the Family Court properly removed the children from the mother's care and placed them in the petitioner's custody pending the issuance of a final order of disposition.

The remaining contentions of the mother and the attorney for the children are without merit. Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.