■ In the Matter of KHADIJAH JAMES, Respondent, v YASSMINE JEFFRIES et al., Respondents. CHILDREN'S LAW CENTER, Attorney for the Child, Nonparty Appellant. [935 NYS2d 315]—

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (*Matter of Bullinger v Costa*, 63 AD3d 735, 735-736 [2009]). Generally, visitation should be determined after a full evidentiary hearing to determine the best interests of the child (*see Matter of Riemma v Cascone*, 74 AD3d 1082 [2010]; *Matter of Pettiford-Brown v Brown*, 42 AD3d 541, 542 [2007]).

Under the circumstances of this case, the Family Court improvidently exercised its discretion in granting that branch of the mother's petition which sought unsupervised visitation with the subject child in the mother's home without conducting a

full evidentiary hearing (*see Matter of Jave v Danial*, 70 AD3d 696 [2010]; *Matter of Sahara K.*, 66 AD3d 1024, 1025 [2009]). Accordingly, the matter must be remitted to the Family Court, Kings County, for a full evidentiary hearing as to whether the mother's visitation with the subject child in the mother's home is in the child's best interests, including the completion of a full forensic evaluation of the mother and a home study, and thereafter, for a new determination of that branch of the mother's petition which sought unsupervised visitation with the subject child in the mother's home (*see Matter of Lamarche v Jessie*, 74 AD3d 1341, 1342 [2010]). Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.