In the Matter of THOMAS P. SULLIVAN III, Respondent, v MELISSA MOORE, Appellant. [944 NYS2d 641]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals, by permission, from an order of the Family Court, Westchester County (Klein, J.), dated November 7, 2011, which temporarily granted, without a hearing, the father's application for supervised visitation with the parties' children pending the final outcome of the proceedings. By decision and order on motion dated December 22, 2011, this Court stayed enforcement of the order pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith, to be conducted forthwith.

"An order affecting visitation, like an order modifying custody, must be addressed solely to the infant's best interests" (*Kresnicka v Kresnicka*, 48 AD2d 929, 929 [1975]; *see Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148 [2010]; *Hizme v Hizme*, 212 AD2d 580 [1995]). "Generally, an evidentiary hearing is necessary regarding a modification of visitation" (*Matter of Jeffers v Hicks*, 67 AD3d 800, 801 [2009]; *see Matter of Perez v Sepulveda*, 51 AD3d 673 [2008]). However, "[a] party seeking a change in visitation or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (*Matter of Leichter-Kessler v Kessler*, 71 AD3d at 1149; *see Matter of Grant v Hunter*, 64 AD3d 779 [2009]; *Matter of Grassi v Grassi*, 28 AD3d 482 [2006]). "[A] hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child's best interest" (*Matter of Hom v Zullo*, 6 AD3d 536, 536 [2004]; *see Matter of Jeffers v Hicks*, 67 AD3d 800 [2009]).

Here, the father petitioned to enforce visitation with the parties' children as set forth in a judgment of divorce, alleging that he was in compliance with the conditions for visitation as set forth in that judgment. However, this allegation was disputed by the mother, and the father's papers were insufficient to conclusively establish his compliance. Since the Family Court did not, on its own, possess adequate relevant information to enable it to make a determination as to the best interests of the child in the absence of a hearing, it was error to temporarily grant the father's application for supervised visitation without first holding a hearing.

Accordingly, the matter must be remitted to the Family Court, Westchester County, for a hearing with respect to the father's petition. Balkin, J.P., Leventhal, Hall and Cohen, JJ., concur.