■ In the Matter of CIARA B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EDWARD T., Appellant; ALBA B., Respondent. [946 NYS2d 222]—

In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (McGowan, J.), dated April 12, 2011, which, without a hearing, in effect, modified an interim visitation order of the same court dated December 7, 2009, so as to direct that the father have only supervised visitation with the subject child.

Ordered that the order dated April 12, 2011, is affirmed, without costs or disbursements.

"In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child" (*Matter of Awan v Awan*, 63 AD3d 733, 734 [2009]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (*Matter of Bullinger v Costa*, 63 AD3d 735, 735-736 [2009]; *see Matter of Powell v Blumenthal*, 35 AD3d 615, 616 [2006]). Generally, visitation should be determined after a full evidentiary hearing to determine the best interests of the child (*see Matter of James v Jeffries*, 90 AD3d 929 [2011]; *Matter of Riemma v Cascone*, 74 AD3d 1082 [2010]; *Matter of Jeffers v Hicks*, 67 AD3d 800, 801 [2009]). "[A] hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child's best interest" (*Matter of Hom v Zullo*, 6 AD3d 536, 536 [2004]; *see Matter of Perez v Sepulveda*, 51 AD3d 673 [2008]; *Matter of Williams v O'Toole*, 4 AD3d 371 [2004]).

Under the circumstances of this case, the Family Court providently exercised its discretion in modifying, without a hearing, an interim visitation order so as to direct that the father have only supervised visitation with the subject child (*see Matter of Peluso v Kasun*, 78 AD3d 950, 951 [2010]). Contrary to the father's contention, the Family Court possessed adequate relevant information to determine that the modification of the interim visitation order was consistent with the best interests of the child (*id.* at 951).

We note that the order appealed from did not modify a final order of visitation and that the record indicates that the Family Court scheduled a hearing on the issue of the father's visitation.

To the extent that the father raises the issue of custody, that issue is not properly before this Court. Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.