In five related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Danoff, J.), dated February 29, 2012, which, without a hearing, in effect, granted the motion of the attorney for the children to suspend her visitation with the subject children to the extent of temporarily suspending her visitation with the children pending a hearing.
Ordered that the order is affirmed, without costs or disbursements.
The mother contends that the Family Court erred in temporarily suspending her visitation with the children without a hearing. Generally, modifications to visitation should only be made after a hearing to determine the best interests of the child (see Matter of Ciara B. [Edward T. Alba B.], 96 AD3d 833 [2012]; Matter of Perez v Sepulveda, 51 AD3d 673 [2008]; Matter of Vangas v Ladas, 259 AD2d 755 [1999]). A hearing is not necessary, however, “where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child’s best interest” (Matter of Hom v Zullo, 6 AD3d 536, 536 [2004]; see Matter of Perez v Sepulveda, 51 AD3d at 673; Matter of Smith v Molody-Smith, 307 AD2d 364, 364-365 [2003]).
Here, the Family Court was fully familiar with the relevant facts regarding the mother and the children from past proceedings. In addition, it was the position of the attorney for the children that visitation should be suspended. Under these circumstances, the Family Court possessed sufficient information to render, without a hearing, an informed determination regarding visitation consistent with the best interests of the children (see Matter of Perez v Sepulveda, 51 AD3d at 673-674; Matter of Hom v Zullo, 6 AD3d at 536). Rivera, J.P., Lott, Roman and Sgroi, JJ., concur.