■ In the Matter of JASIAH T.-V.S. J. HEART SHARE HUMAN SERVICES OF NEW YORK, ROMAN CATHOLIC DIOCESE OF BROOKLYN, Appellant; JOSHUA W., Respondent, et al., Respondent. [998 NYS2d 417]—

Appeal, by permission, from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated April 25, 2014. The order granted the father's application to expand his unsupervised visitation with the subject child. By decision and order on motion dated May 14, 2014, this Court stayed enforcement of the order pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for an evidentiary hearing on the issue of

the father's visitation, to be conducted forthwith, and a new determination of the father's application for expanded visitation thereafter.

On April 25, 2014, the Family Court commenced a hearing with respect to, inter alia, the father's petition for custody of the subject child, at which the father testified. Following his testimony, the father made an application to "expand[ ]" his unsupervised visitation with the child. As of that date, the father's visitation with the child consisted of one two-hour visit per week, with the first hour supervised and the second hour unsupervised. The petitioner agency and the attorney for the child opposed the father's application based on, among other things, the recommendation of a psychologist who prepared a report, which had not yet been admitted into evidence. According to the attorney for the child, the psychologist recommended that "all parts of the visitation be monitored by the agency." In the order appealed from, the Family Court granted the father's application, without conducting a full hearing with respect to the father's application. On appeal, the petitioner agency contends that the court should not have granted the father's application, since it did not possess sufficient information to determine whether expanded unsupervised visitation was in the best interests of the child.

"Modification of an existing court-sanctioned . . . visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of O'Shea v Parker*, 116 AD3d 1051, 1051 [2014]). "Generally, an evidentiary hearing is necessary regarding a modification of visitation" (*Matter of Jeffers v Hicks*, 67 AD3d 800, 801 [2009]). "However, a hearing is not necessary where the court possesses adequate relevant information to make an informed determination of the child['s] best interests" (*Matter of Weinschneider v Weinschneider*, 73 AD3d 1194, 1195 [2010]).

Here, the Family Court did not possess adequate relevant information to determine whether it was in the subject child's best interests to expand the father's unsupervised visitation with the child (*see Matter of Lamarche v Jessie*, 74 AD3d 1341 [2010]). The parties' remaining contentions are without merit. Thus, the Family Court erred in granting the father's application to expand his unsupervised visitation with the child without first conducting a more complete evidentiary hearing.

Accordingly, we remit the matter to the Family Court, Kings County, for an evidentiary hearing on the issue of the father's visitation, to be conducted forthwith, and a new determination

of the father's application for expanded visitation thereafter. Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.