In the Matter of ANA SANCHEZ, Respondent, v YESENIA RUSSO, Respondent, et al., Respondent. AIDEN RUSSO, Nonparty Appellant. (Proceeding No. 1.) In the Matter of YESENIA RUSSO, Respondent, v ANA SANCHEZ, Respondent. AIDEN RUSSO, Nonparty Appellant. (Proceeding No. 2.) [3 NYS3d 79]—

Appeal from an order of the Family Court, Kings County (Leticia M. Ramirez, J.), dated December 16, 2013. The order, insofar as appealed from, upon granting the mother's petition

for visitation with the subject child, directed that the visitation was to be supervised by the subject child's maternal grandmother or "any adult family member with the maternal grandmother's consent."

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a full evidentiary hearing on the mother's petition, including the completion of a full forensic evaluation of the mother, before a different Judge, and a new determination of the petition thereafter; and it is further,

Ordered that pending the hearing and determination of the mother's petition, the visitation provisions set forth in an order of the Family Court, Kings County, dated October 18, 2012, shall remain in effect.

In December 2011, the subject child's maternal grandmother petitioned for custody of the subject child. The child's mother, who has a well-documented history of mental illness and psychiatric hospitalizations, subsequently petitioned for visitation with the child. In the order appealed from, the Family Court, without conducting a hearing, in effect, granted the grandmother's petition for custody and granted the mother's petition for visitation, to be supervised by the grandmother or "any adult family member with the maternal grandmother's consent." On appeal, the attorney for the child contends that the Family Court's determination to allow the mother to have visitation supervised only by the grandmother or any other adult family member approved by the grandmother lacks a sound and substantial basis in the record, since no evidentiary hearing was conducted and no forensic evaluation was performed.

In determining custody and visitation issues, the most important factor to be considered is the best interests of the child (see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381 [2004]; Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Schyberg v Peterson, 105 AD3d 857, 858 [2013]). "Generally, visitation should be determined after a full evidentiary hearing to determine the best interests of the child" (Matter of James v Jeffries, 90 AD3d 929, 929 [2011]; see Matter of Riemma v Cascone, 74 AD3d 1082, 1082 [2010]; Matter of Pettiford-Brown v Brown, 42 AD3d 541, 542 [2007]).

Under the circumstances of this case, the Family Court improvidently determined, without conducting a full evidentiary hearing, that the mother's visitation with the child should be supervised by the grandmother or "any adult family member with the maternal grandmother's consent" (see Matter of James

*v Jeffries*, 90 AD3d at 929-930; *Matter of Lamarche v Jessie*, 74 AD3d 1341, 1341 [2010]; *Matter of Anaya v Hundley*, 12 AD3d 594, 595-596 [2004]). Moreover, that determination should not have been made without a forensic evaluation of the mother.

Accordingly, the matter must be remitted to the Family Court, Kings County, for a full evidentiary hearing on the mother's petition, including the completion of a full forensic evaluation of the mother, to determine, inter alia, who should supervise the mother's visitation with the child, and for a new determination of the mother's visitation petition thereafter. In light of certain remarks made on the record by the Family Court Judge, which suggested that the Judge was dismissive of the position of the attorney for the child without the benefit of a proper record that included, among other things, a forensic evaluation, the further proceedings should be held before a different Judge. Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.