■ In the Matter of ANDREW NACLERIO, Appellant, v LUCILLE NACLERIO, Respondent. [17 NYS3d 487]—Appeal from an order of the Family Court, Rockland County (William P. Warren, J.), entered August 15, 2014. The order, without a hearing, granted the mother's motion to dismiss the father's petition, inter alia, to modify the visitation provisions of a stipulation of settlement dated May 5, 2011, which was incorporated but not merged in a judgment of divorce dated April 24, 2012, so as to award him regular visitation with the parties' children, and enjoined the father from commencing further proceedings with respect to custody or visitation without prior court approval.

Ordered that the order is affirmed, without costs or disbursements.

A party seeking the modification of an existing court-sanctioned visitation arrangement has the burden of demonstrating that circumstances have changed such that modification is required to ensure the continued best interests of the children (*see Matter of O'Connor v Klotz*, 124 AD3d 666, 666 [2015]; *Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1148-1149 [2010]). Moreover, a hearing is not necessary when the court already possesses adequate relevant information to make an informed and provident determination as to the children's best interests (*see Matter of Attallah N.*, 65 AD3d 1047, 1048 [2009]; *Matter of Perez v Sepulveda*, 51 AD3d 673, 673 [2008]; *Matter of Hom v Zullo*, 6 AD3d 536, 536 [2004]).

Here, the Family Court was fully familiar with the relevant

background facts because it had long been involved with the various court proceedings involving the parties, which it described in the order appealed from. The court's granting of the mother's motion to dismiss the father's petition without a hearing was a provident.exercise of discretion under all the circumstances of this case (*see Matter of Attallah N.*, 65 AD3d at 1048; *Matter of Mennuti v Berry*, 59 AD3d 625, 625 [2009]).

Additionally, the Family Court did not improvidently exercise its discretion in enjoining the father from commencing further proceedings with respect to custody or visitation without prior court approval. This provision of the court's order was supported by the court's familiarity with the parties, the repeated motions made by the father, and the court's conclusion—which is supported by the record—that the father's continued litigation had become abusive and vexatious (*see Matter of McNelis v Carrington*, 105 AD3d 848, 849-850 [2013]; *Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]). Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.