■ In the Matter of JESSICA GRAHAM, Appellant, v CHARLES T. RAWLEY, Respondent. (Appeal No. 3.) In the Matter of CHARLES T. RAWLEY, Respondent, v JESSICA GRAHAM, Appellant. (Appeal Nos. 1 and 2.) [44 NYS3d 63]—

Appeals by the mother from two orders of the Family Court, Richmond County (Karen B. Wolff, J.), both dated September 30, 2015, and an order of that court (Alison M. Hamanjian, Ct. Atty. Ref.), also dated September 30, 2015. The first two orders, insofar as appealed from, both enjoined the mother from filing any future motions, petitions, or supplemental petitions unless by order to show cause. The third order denied the mother's motion, in effect, for leave to renew her petition for visitation which was dismissed by an order of that court dated June 2, 2015.

Ordered that the first two orders dated September 30, 2015, are affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the third order dated September 30, 2015, is affirmed, without costs or disbursements.

In May 2015, the mother filed a petition seeking visitation with the parties' child. This petition was subsequently dismissed by the Family Court. Thereafter, the mother filed a motion, in effect, for leave to renew her petition for visitation. The mother also filed two separate motions seeking various relief against the father. The court denied all three of the motions and enjoined her from filing any future motions, petitions, or supplemental petitions unless by order to show cause. The mother appeals.

A motion for leave to renew must be based upon new facts, not offered on the prior motion, that would change the prior determination, and the party seeking renewal must have a "reasonable justification" for the failure to present such facts on the original motion (CPLR 2221 [e]; *see Matter of Leyberman v Leyberman*, 43 AD3d 925, 926 [2007]). "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Matter of Catherine V.D. [Rachel G.]*, 100 AD3d 992, 993 [2012]). Here, the Family Court providently exercised its discretion in denying the mother's motion, in effect, for leave to renew, since the motion failed to contain a reasonable justification as to why the additional facts the mother offered upon seeking leave to renew were not presented in the petition for visitation (*see Matter of Gale v Lotito*, 50 AD3d 903, 904 [2008]).

Additionally, the Family Court did not improvidently exercise its discretion in enjoining the mother from filing any future motions, petitions, or supplemental petitions unless by order to show cause. "[W]hile public policy mandates free access to the courts, a party may forfeit that right if she or he abuses the

judicial process by engaging in meritless litigation motivated by spite or ill will" (*Matter of McNelis v Carrington*, 105 AD3d 848, 849 [2013] [internal quotation marks omitted]; *see Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]). Here, the court's determination was supported by its familiarity with the parties, the repeated motions made by the mother, and the court's conclusion—which is supported by the record—that the mother's continued litigation had become abusive and vexatious (*see Matter of Naclerio v Naclerio*, 132 AD3d 679, 680 [2015]). Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.