Matter of Gonzalez v Santiago (2018 NY Slip Op 08653)





Matter of Gonzalez v Santiago


2018 NY Slip Op 08653


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-10328
 (Docket No. V-173-13/17I)

[*1]In the Matter of Adam Gonzalez, appellant,
v
Rachel Santiago, respondent.


Christopher J. Cardinale, Walden, NY, for appellant.
Legal Services of the Hudson Valley, Newburgh, NY (Kassandra D. Brescia of counsel), for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), entered August 30, 2017. The order granted the mother's motion to dismiss the father's petition, without a hearing, on the ground that the petition failed to state a change in circumstances sufficient to warrant modification of a prior order of the same court dated October 13, 2015 (Debra J. Kiedaish, J.), inter alia, awarding the father four hours of professionally supervised parental access with the parties' child each week at the father's sole expense, and prohibited the father from filing any further parental access petitions without prior express written permission from the Court.
ORDERED that the order entered August 30, 2017, is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the mother's motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.
The parties, who were never married, have one child in common. The parties separated when the child was approximately six months old, after allegations of domestic violence were made by the mother against the father. The father petitioned for custody of the child and the mother petitioned for custody and an order of protection in her favor and against the father. The petitions were resolved in an order of custody and parental access which, inter alia, awarded custody of the child to the mother and four hours of unsupervised parental access each week to the father. A few months later, the mother petitioned to modify that order of custody and parental access to make the parental access supervised, based upon allegations that the father had harmed the child. After a full hearing, the Family Court, by order dated October 13, 2015, granted the mother's petition and directed that all parental access be professionally supervised at the sole expense of the father. The father petitioned to modify the order of custody and parental access dated October 13, 2015, to remove the requirement that the parental access be professionally supervised at his sole expense, on the basis that he had recently lost his job and [*2]could not afford the expenses of professional supervisors. In an order dated October 27, 2016, the court dismissed the father's petition on the ground that he had failed to establish a sufficient change of circumstances warranting modification of the order of custody and parental access dated October 13, 2015 (see Matter of Gonzalez v Santiago,____AD3d____ [Appellate Division Docket No. 2016-13452; decided herewith]).
In May 2017, the father again petitioned to modify the order dated October 13, 2015, to remove the directive that parental access be professionally supervised at his sole expense. In his petition, he affirmed that he had recently become employed, but that his income was being garnished at 50% to pay child support, and due to the costs of the professional supervisor, the father had been unable to have parental access with the child for more than six months. The mother moved to dismiss the petition for failure to state a change of circumstances. The Family Court found the allegations in the father's petition were the same as his prior petition and granted the mother's motion, finding that the father failed to state a change of circumstances. In addition, the court prohibited the father from filing any further parental access petitions without prior express written permission from the court. The father appeals. We reverse.
"The best interests of the child lie in his [or her] being nurtured and guided by both . . . parents" (Twersky v Twersky, 103 AD2d 775, 775; see Matter of Pena v Tiburcio, 162 AD3d 670, 671). "In order for the noncustodial parent to develop a meaningful, nurturing relationship with the child, [parental access] must be frequent and regular" (Matter of Zwillman v Kull, 90 AD3d 774, 775; see Matter of Rodriquez-Donaghy v Donaghy, 138 AD3d 1123; Matter of Stones v Vandenberge, 127 AD3d 1213, 1214). "Absent extraordinary circumstances, where [parental access] would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable [parental access] privileges" (Matter of Rodriguez v Silva, 121 AD3d 794, 795; see Matter of Lew v Lew, 152 AD3d 520).
A party seeking modification of an existing custody or parental access order must demonstrate that there has been a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Henry v Tucker, 157 AD3d 892, 893). "One who seeks a change in [parental access] is not automatically entitled to a hearing but must make a sufficient evidentiary showing of a material change of circumstances to warrant a hearing" (Matter of Reilly v Reilly, 64 AD3d 660, 660; see Matter of Richmond v Perez, 122 AD3d 928). However, where a facially sufficient petition has been filed, a full and comprehensive hearing is required to afford the parent a full and fair opportunity to be heard (see Matter of Edmunds v Fortune, 156 AD3d 880, 881).
Here, the Family Court should not have dismissed the father's petition without a hearing. His evidentiary submissions were sufficient to warrant a hearing (see Matter of Lamarche v Jessie, 74 AD3d 1341, 1342; see also Matter of Dana H. v James Y., 89 AD3d 844; Matter of Jean v Washington, 71 AD3d 1145, 1146).
The Family Court improvidently exercised its discretion in enjoining the father from filing any future parental access petitions without prior express written permission from the court. The court's conclusion that the father had previously filed an "excessive number of petitions" was not supported by the record, nor was there any evidence that the father's continued litigation had become abusive and vexatious (cf. Matter of Graham v Rawley, 145 AD3d 721, 723).
Accordingly, the matter must be remitted to the Family Court, Orange County, for a hearing on the father's reinstated petition.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court