Matter of Georgiou-Ely v Ely (2021 NY Slip Op 02796)





Matter of Georgiou-Ely v Ely


2021 NY Slip Op 02796


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2020-05216
 (Docket Nos. V-10584-11/17F, V-10585-11/17F)

[*1]In the Matter of Katie Georgiou-Ely, petitioner- appellant, 
v
James Ely, respondent; Thomas E. (Anonymous), et al., nonparty-appellants.


Amy L. Colvin, Huntington, NY, for petitioner-appellant.
Mark A. Green, Garden City, NY, attorney for the children, the nonparty-appellants.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals, and the subject children separately appeal, from an order of the Family Court, Nassau County (Eileen Daly-Sapraicone, J.), dated June 8, 2020. The order, upon remittitur from this Court, set forth a supervised parental access schedule for the father.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith, and a new determination of a supervised parental access schedule for the father that is in the best interests of the children.
In an order dated July 24, 2015, the mother was awarded residential custody of the parties' two children, with weekly parental access for the father, and the parties were awarded joint legal custody. In July 2017, the mother filed a petition requesting sole custody of the children, with supervised parental access to the father. In an order dated December 31, 2018, the Family Court dismissed the mother's petition.
In Matter of Georgiou-Ely v Ely (181 AD3d 885), this Court reversed the order dated December 31, 2018, awarded the mother sole legal and physical custody of the children, and remitted the matter to the Family Court to determine an appropriate supervised parental access schedule for the father that was in the best interests of the children. In an order dated June 8, 2020, the Family Court set forth a supervised parental access schedule for the father. There is no record of any conferences or hearings relating to this order.
"In determining custody and [parental access] issues, the most important factor to be considered is the best interests of the child" (Matter of Sanchez v Russo, 124 AD3d 904, 905). "Generally, [parental access] should be determined after a full evidentiary hearing to determine the best interests of the child" (Matter of James v Jeffries, 90 AD3d 929, 929).
"A trial court must state in its decision 'the facts it deems essential' to its determination" (Matter of Jose L.I., 46 NY2d 1024, 1025, quoting CPLR 4213[b]). "Effective appellate review, especially in proceedings involving child custody determinations, 'requires that [*2]appropriate factual findings be made by the trial court—the court best able to measure the credibility of the witnesses'" (McDermott v McDermott, 124 AD2d 715, 715 , quoting Matter of Jose L.I., 46 NY2d at 1026). Under the circumstances of this case, the record is not sufficient for this Court to conduct an intelligent review of the evidence.
Furthermore, the children are of such an age and maturity that information regarding their preferences is necessary to create a sufficient record to determine their best interests (see Matter of Norback v Norback, 114 AD3d 1036, 1037; Matterof Stramezzi v Scozzari, 106 AD3d 748, 750).
Accordingly, we must reverse the order dated June 8, 2020, and remit the matter to the Family Court, Nassau County, to conduct an evidentiary hearing and an in camera interview with the children, in order to determine a supervised parental access schedule for the father that is in the best interests of the children.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court