■ In the Matter of MICHAEL RIVERA, Appellant, v ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [786 NYS2d 348]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Porzio, J.), dated September 10, 2003, which, in effect, directed that the father's visitation with his child would take place at the discretion of the Administration for Children's Services.

Ordered that the order is reversed, on the law, without costs

or disbursements, and the matter is remitted to the Family Court, Richmond County, for an evidentiary hearing to determine the best interests of the child.

"[T]he determination of visitation is within the sound discretion of the hearing court based upon the best interests of the child . . . and its determination will not be set aside unless it lacks a substantial basis in the record" (*Matter of Kachelhofer v Wasiak*, 10 AD3d 366 [2004]). Visitation should be decided after a full evidentiary hearing to determine the best interests of the child (*see Pica v Pica*, 96 AD2d 836, 837 [1983]). However, "a hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child's best interest" (*Matter of Hom v Zullo*, 6 AD3d 536 [2004]).

In the instant case, the Family Court did not possess the adequate relevant information necessary to issue an order restricting the father's visitation rights. Therefore, the matter is remitted to the Family Court, Richmond County, for an evidentiary hearing to determine the best interests of the child.

The father's remaining contentions need not be addressed in view of the foregoing. H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.