■ In the Matter of EDWIN MORALES, Appellant, v EVELYN BRUNO, Respondent. [816 NYS2d 536]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Elkins, J.), dated April 23, 2005, which, after a fact-finding hearing, denied his petition to modify an order of the same court (Turbow, J.), dated May 17, 2001, inter alia, permitting contact with his children only by mail.

Ordered that the order is affirmed, without costs or disbursements.

"[T]he determination of visitation is within the sound discretion of the hearing court based upon the best interests of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *see also Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 116 [1990]), and its determination will not be set aside unless it lacks a substantial basis in the record" (*Matter of Kachelhofer v Wasiak*, 10 AD3d 366, 366 [2004]). While it is true that a parent's incarceration does not, by itself, render visitation inappropriate (*see Matter of Selca v Selca*, 267 AD2d 314 [1999]; *Matter of Teixeria v Teixeria*, 205 AD2d 545, 546 [1994]; *Matter of Simpson v Finnigan*, 202 AD2d 592, 593 [1994]), visitation will be denied where there is substantial evidence that such visitation would be detrimental to the child (*Matter of Trombley v Trombley*, 301 AD2d 890, 891 [2003]). Here, although the Family Court incorrectly recited the law on the burden of proof, there is a sound and substantial basis in the record to establish that, under the circumstances, visitation would not be in the children's best interests at this time (*see Matter of Trombley v Trombley, supra* at 891-892; *Matter of Russo v Russo*, 282 AD2d 610 [2001]; *Matter of Teixeria v Teixeria, supra; Matter of Mohammed v Cortland County Dept. of Social Servs.*, 186 AD2d 908, 909 [1992]).

The appellant's contentions regarding hearsay are unpreserved for appellate review, and in any event, the record supports the Family Court's determination even without the offending statements.

The appellant's remaining contention is without merit. Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.