■ In the Matter of MARISA PETTIFORD-BROWN, Respondent, v PATRIC LEE BROWN, Appellant. [840 NYS2d 118]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Klein, J.), entered May 2, 2006, which suspended his visitation with the subject child until further order of the court and, in effect, held in abeyance the mother's petition for full custody and to limit the father's visitation.

Ordered that on the court's own motion, the notice of appeal

is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for an evidentiary hearing before a different judge for a determination of the mother's petition for full custody and to limit the father's visitation.

" 'A noncustodial parent is entitled to meaningful visitation. Denial of that right is so drastic that it must be based on substantial evidence that visitation would be detrimental to the welfare of the child' " (*Matter of Kachelhofer v Wasiak,* 10 AD3d 366, 366 [2004], quoting *Matter of Bradley v Wright,* 260 AD2d 477, 477 [1999]; *see Paul G. v Donna G.,* 175 AD2d 236, 237 [1991]). Generally, visitation should be determined after a full evidentiary hearing to determine the best interests of the child (*see Matter of Rivera v Administration for Children's Servs.,* 13 AD3d 636, 637 [2004]). A hearing is not necessary, however, where the court possesses adequate relevant information to make an informed determination of the child's best interest (*see Matter of Hom v Zullo,* 6 AD3d 536 [2004]).

Under the circumstances of this case, the Family Court did not possess adequate relevant information necessary to issue an order suspending the father's visitation rights (*see generally Janousek v Janousek,* 108 AD2d 782 [1985]). Accordingly, the Family Court erred in suspending the father's visitation with the subject child until further order of the court and, in effect, holding in abeyance the mother's petition for full custody and to limit the father's visitation. Therefore, the matter is remitted to the Family Court, Westchester County, for an evidentiary hearing before a different Judge to determine the mother's petition. Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.