In the Matter of NATHANIEL FRANKLIN, Appellant, v JAQUELINE RICHEY, Respondent. [869 NYS2d 187]—

The father and the mother, who are not married and are no longer in a relationship with each other, are parents of a daughter born in 1999. The mother has three other children. The father is incarcerated. During the course of his incarceration, the subject child visited him in prison pursuant to an order of

visitation. The child was accompanied on the long journeys from New York City to the prison by the father's then-wife, Tiffany, or by the paternal grandmother. However, the father is no longer married to Tiffany, and the paternal grandmother is presently unable to accompany the child on the visitation trips. The father now seeks, in effect, to compel the mother to produce the child at the prison where he is incarcerated for visitation with him.

"The court has discretion to determine what, if any, visitation is in the best interests of the child" (*Matter of McFarland v Smith*, 53 AD3d 500, 500 [2008]; *see Matter of Pettiford-Brown v Brown*, 42 AD3d 541, 542 [2007]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]; *Matter of Kachelhofer v Wasiak*, 10 AD3d 366 [2004]). "This determination will not be set aside unless 'it lacks a substantial evidentiary basis in the record' " (*Matter of McFarland v Smith*, 53 AD3d at 501; *see Matter of Thompson v Yu-Thompson*, 41 AD3d at 488; *Matter of Kachelhofer v Wasiak*, 10 AD3d at 366). "Absent 'exceptional circumstances,' some form of visitation with the noncustodial parent 'is always appropriate' " (*Matter of McFarland v Smith*, 53 AD3d at 500, quoting *Zafran v Zafran*, 28 AD3d 753, 755 [2006]; *see Weiss v Weiss*, 52 NY2d 170, 175 [1981]; *Matter of Thompson v Yu-Thompson*, 41 AD3d at 488; *Matter of Kachelhofer v Wasiak*, 10 AD3d at 366). "[I]t is generally presumed to be in a child's best interests to have visitation with his or her parent and the fact that a parent, such as the father herein, is incarcerated, will not, by itself, render visitation inappropriate" (*Matter of Ice S.*, 30 AD3d 428, 429 [2006]).

It is undisputed here that the mother does not oppose visitation between the subject child and the father, and that the child wishes visitation to continue. However, the mother indicated that she was not working and could not afford to pay for transportation costs, or to pay for a babysitter to care for her three other children for the prolonged period of time she would be away if she were to accompany the subject child on the visitation trips several hundred miles from her home. The father offered no feasible plan, suggested resources, or third-party assistance to aid in facilitating visitation, but instead only claimed that the mother should be required to produce the subject child for visitation.

Under these circumstances, a substantial evidentiary basis supports the Family Court's determination that an order compelling the mother to produce the subject child for visitation at the prison where the father is incarcerated would deplete the resources available to the subject child as well as to the other

children, so as not be in the subject child's best interest (*see Matter of Dantzler v McKane*, 48 AD3d 937 [2008]; *Matter of Conklin v Hernandez*, 41 AD3d 908 [2007]). Further, we conclude that the Family Court's determination was not premised merely on an arbitrary opposition to visitation or its cost and inconvenience, but rather on the unavailability of any appropriate arrangements to effectuate visitation under these circumstances (*see Matter of Conklin v Hernandez*, 41 AD3d at 911).

"Generally, visitation should be determined after a full evidentiary hearing to determine the best interests of the child" (*Matter of Pettiford-Brown v Brown*, 42 AD3d 541, 542 [2007]). "A hearing is not necessary, however, where the court possesses adequate relevant information to make an informed determination of the child's best interest" (*id.*; *see Matter of Rivera v Administration for Children's Servs.*, 13 AD3d 636, 637 [2004]; *Matter of Hom v Zullo*, 6 AD3d 536 [2004]). Here, the Family Court possessed sufficient relevant information to make an informed determination of the child's best interest under the circumstances (*see Matter of Hom v Zullo*, 6 AD3d at 536; *cf. Matter of Pettiford-Brown v Brown*, 42 AD3d at 542; *Matter of Rivera v Administration for Children's Servs.*, 13 AD3d at 637).

The father's remaining contention is without merit. Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.