■ In the Matter of HERNAN WISPE, Appellant, v NILSA LEANDRY et al., Respondents. [880 NYS2d 497]—In related visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated April 1, 2008, which, after a hearing, denied the petitions.

Ordered that the order is affirmed, without costs or disbursements.

"[T]he determination of visitation is within the sound discretion of the hearing court based upon the best interests of the child . . . , and its determination will not be set aside unless it lacks a substantial basis in the record" (*Matter of Morales v Bruno*, 29 AD3d 1001 [2006] [internal quotation marks omitted]; *Matter of Marcial v Sullivan*, 296 AD2d 551 [2002]; *see also Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *see also Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 116 [1990]). "While it is true that a parent's incarceration does not, by itself, render visitation inappropriate" (*Matter of Morales v Bruno*, 29 AD3d at 1001; *see Matter of Rodriquez v Van Putten*, 309 AD2d 807 [2003]; *Matter of Marcial v Sullivan*, 296 AD2d 551 [2002]; *Matter of Selca v Selca*, 267 AD2d 314 [1999]), visitation will be denied where there is substantial evidence that such visitation would be detrimental to the child (*see Matter of Morales v Bruno*, 29 AD3d 1001 [2006]; *Matter of Marcial v Sullivan*, 296 AD2d 551 [2002]). Here, there is a sound and substantial basis in the record to establish that, under the circumstances, visitation with the father would not be in the children's best interests at this time (*see Matter of Morales v Bruno*, 29 AD3d 1001 [2006]; *Matter of Rodriquez v Van Putten*, 309 AD2d 807 [2003]; *Matter of Marcial v Sullivan*, 296 AD2d 551 [2002]; *Matter of*

*Selca v Selca,* 267 AD2d 314 [1999]). Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.