In the Matter of VINCENT RIEMMA, Appellant, v MARIA C. CASCONE, Respondent. [903 NYS2d 141]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Lynaugh, J.), dated September 25, 2009, which, without a hearing, in effect, denied that branch of his petition which was to modify a prior order of visitation of the same court dated August 10, 2007, so as to award him unsupervised overnight visitation with the parties' children at his home, and modified the order dated August 10, 2007, to direct that the father shall have unsupervised visitation with the parties' children "at such times as [the] father and the children can agree."

Ordered that the order dated September 25, 2009, is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a hearing on that branch of the petition which was to modify the order dated August 10, 2007, so as to award the father unsupervised overnight visitation with the parties' children at the father's home and an in camera interview with the children, and thereafter a new determination thereafter; and it is further,

Ordered that the hearing and in camera interview with the children shall be held forthwith; and it is further,

Ordered that pending the hearing, in camera interview, and new determination, the Family Court, Suffolk County, shall issue an immediate interim visitation order directing that the father shall have unsupervised visitation with the children from 10:00 A.M. to 8:00 P.M. on at least one weekend day of every month, and shall pick up the children at, and return them to, the mother's residence for these unsupervised visitations.

"Generally, an evidentiary hearing is necessary regarding a modification of visitation" (*Matter of Jeffers v Hicks*, 67 AD3d 800, 801 [2009]; *see Matter of Rivera v Administration for Children's Servs.*, 13 AD3d 636, 637 [2004]). "[A] hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident de-

termination as to the child[ren]'s best interest" (*Matter of Hom v Zullo*, 6 AD3d 536, 536 [2004]; *see Matter of Perez v Sepulveda*, 51 AD3d 673 [2008]; *Matter of Williams v O'Toole*, 4 AD3d 371 [2004]; *Matter of Smith v Molody-Smith*, 307 AD2d 364, 364-365 [2003]).

Under the circumstances of this case, the Family Court did not possess adequate relevant information to, in effect, deny that branch of the father's petition which was to modify a prior order of visitation of the same court dated August 10, 2007, so as to award him unsupervised overnight visitation with the parties' children at his home (*see Matter of Pettiford-Brown v Brown*, 42 AD3d 541, 542 [2007]; *Matter of Rivera v Administration for Children's Serv.*, 13 AD3d at 637). Accordingly, we remit the matter to the Family Court, Suffolk County, for a hearing on that branch of the petition which was to modify the order of visitation dated August 10, 2007, so as to award the father unsupervised overnight visitation with the parties' children at his home and an in camera interview with the children, to be conducted forthwith, and thereafter a new determination. Moreover, pending the hearing, in camera interview, and new determination, the Family Court shall issue an immediate interim visitation order directing that the father shall have unsupervised visitation with the children from 10:00 A.M. to 8:00 P.M. on at least one weekend day of every month, and that the father shall pick up the children at, and return them to, the mother's residence for these unsupervised visitations. Rivera, J.P., Florio, Miller and Austin, JJ., concur.