■ In the Matter of MARK HARRIS, on Behalf of EVERETT HARRIS, et al., Appellant, v PATRICK MAGEE, Respondent. [909 NYS2d 548]—

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals (1) from an order of the Family Court, Rockland County (Warren, J.), entered November 23, 2009, which dismissed his petition against the maternal grandfather and vacated a temporary order of protection dated October 13, 2009, against the maternal grandfather, and (2), as limited by his brief, from so much of an order of the same court entered December 11, 2009, as also dismissed his petition against the maternal grandfather and vacated the temporary order of protection dated October 13, 2009, against the maternal grandfather.

Ordered that the order entered November 23, 2009, is reversed, on the law, without costs or disbursements, the petition is reinstated, so much of the order entered December 11, 2009, as dismissed the petition against the maternal grandfather and vacated the temporary order of protection dated October 13, 2009, is vacated, and the matter is remitted to the Family Court, Rockland County, for a hearing and determination in accordance herewith; and it is further,

Ordered that the temporary order of protection against the maternal grandfather dated October 13, 2009, is reinstated pending the hearing and new determination; and it is further,

Ordered that the appeal from so much of the order entered December 11, 2009, as dismissed the petition against the maternal grandfather and vacated the temporary order of protection dated October 13, 2009, against him, is dismissed as academic in light of our determination on the appeal from the order entered November 23, 2009, without costs or disbursements.

On October 13, 2009, the father filed family offense petitions on behalf of his three children, against both maternal grandparents. He alleged that the grandfather had struck his then-12-year-old daughter on the bare buttocks in a public area, in the presence of the other two children, and that the grandmother failed to intervene. The father further alleged that the grandfather's conduct constituted harassment. The mother did not join in the petitions, and, in fact, opposed the father's filing thereof. The father obtained, ex parte, temporary orders of protection against both maternal grandparents on the same day that he filed his petitions.

The Family Court acknowledged that the father had standing to file family offense petitions on behalf of his children. Nevertheless, the Family Court did not conduct a fact-finding hearing. Instead, in two separate orders entered November 23, 2009 (one for each grandparent), and again in an order entered December 11, 2009, it dismissed the petitions and vacated the temporary orders of protection. The Family Court reasoned that because the parents had joint legal custody of the children, and in fact were still married when the petitions were filed, the father could not file the petitions without the mother's consent. On appeal, the father only seeks reinstatement of the family offense petition against the maternal grandfather.

The Family Court erred in dismissing the father's petition against the maternal grandfather. It is undisputed that a parent may file a family offense petition on his or her child's behalf. There is no requirement that a parent obtain consent from the other parent prior to filing a petition (*see Matter of Bibeau v Ackey*, 56 AD3d 971, 972 [2008]; *Matter of Loriann Q. v Frank R.*, 53 AD3d 735, 736 [2008]; *Matter of Hamm-Jones v Jones*, 14 AD3d 956, 958 [2005]).

Contrary to the maternal grandfather's contention, there is no basis for dismissal of the father's petition against him on the merits at this stage. Accordingly, the matter must be remitted to the Family Court, Rockland County, for the purpose of conducting a fact-finding hearing, and thereafter for a new determination. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.