■ In the Matter of Robert S. New, Appellant, v Emma T. Sharma, Respondent. [936 NYS2d 265]—

In October 2010 the father filed a petition to modify a prior order of visitation dated January 14, 2010. In opposing the father's petition, the attorney for the child, based on the father's submissions, requested that the Court limit the father's parenting time to periods of "short duration and in a specific location." In an order dated December 7, 2010, the Family Court, without a hearing, in effect, denied the father's petition and granted the application of the attorney for the child to modify

the prior order of visitation dated January 14, 2010, so as to limit the father's parenting time to brief visits at public places. The father appeals.

Contrary to the father's contention, the Family Court had the authority to grant the relief requested by the attorney for the child in her opposition to his petition (cf. *Matter of Myers v Markey*, 74 AD3d 1344, 1345 [2010]; *Clair v Fitzgerald*, 63 AD3d 979, 980-981 [2009]).

However, under the circumstances of this case, the Family Court erred by, in effect, denying the father's petition and granting the application of the attorney for the child without conducting a full evidentiary hearing. "Generally, visitation should be determined after a full evidentiary hearing to determine the best interests of the child" (*Matter of Pettiford-Brown v Brown*, 42 AD3d 541, 542 [2007]; *see Matter of Riemma v Cascone*, 74 AD3d 1082, 1082 [2010]). A hearing is not necessary, however, "where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child[ ]'s best interest" (*Matter of Riemma v Cascone*, 74 AD3d at 1082-1083 [internal quotation marks omitted]; *see Matter of Perez v Sepulveda*, 51 AD3d 673 [2008]).

Here, the Family Court did not possess adequate relevant information to determine that the limitation of the father's parenting time to brief visits at public places was in the best interests of the child (*see Matter of Riemma v Cascone*, 74 AD3d at 1083; *Matter of Rivera v Administration for Children's Servs.*, 13 AD3d 636, 637 [2004]; cf. *Rosenberg v Rosenberg*, 60 AD3d 658 [2009]; *Matter of Potente v Wasilewski*, 51 AD3d 675, 676 [2008]). To the extent that the Family Court relied on the detailed accounts provided by the attorney for the child concerning her conversations with the child, it is inappropriate for an attorney for the child to present " 'reports containing facts which are not part of the record' " (*Cervera v Bressler*, 50 AD3d 837, 841 [2008], quoting *Weiglhofer v Weiglhofer*, 1 AD3d 786, 789 n [2003]; *see* 22 NYCRR 7.2 [b]).

Accordingly, the matter must be remitted to the Family Court, Nassau County, for a hearing on the father's petition and the application of the attorney for the child, including an in camera interview with the child, and thereafter a new determination of the father's petition and the application of the attorney for the child. In light of certain remarks made by the Family Court Judge, the proceeding should be held before a different Judge.

The father's remaining contentions either are without merit or need not be reached in light of the foregoing determination. Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.