■ In the Matter of Roy Smith, Appellant, v Charmain Smith, Respondent. [938 NYS2d 601]—

"The court has discretion to determine what, if any, visitation is in the best interests of the child" (*Matter of Franklin v Richey*, 57 AD3d 663, 664 [2008] [internal quotation marks omitted]; *see Matter of Mera v Rodriguez*, 73 AD3d 1069 [2010]). "This determination will not be set aside unless it lacks a substantial . . . basis in the record" (*Matter of Franklin v Richey*, 57 AD3d at 664 [internal quotation marks omitted]; *see Matter of Wispe v Leandry*, 63 AD3d 853 [2009]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]). "While it is true that a parent's incarceration does not, by itself, render visitation inappropriate, visitation will be denied where there is substantial evidence that such visitation would be detrimental to the child" (*Matter of Morales v Bruno*, 29 AD3d 1001 [2006] [citations omitted]; *see Matter of Rodriquez v Van Putten*, 309 AD2d 807 [2003]).

Here, there is a sound and substantial basis in the record to establish that, under the circumstances, including the logistical difficulties and expense in arranging for the children to travel the significant distance to visit the father in person, the parties' relative lack of resources, and the incarcerated father's refusal to seek a transfer to a facility closer to the children, visitation with the father in person is not in the children's best interests unless the father contributes toward the cost of such visitation (*see Matter of Franklin v Richey*, 57 AD3d at 664; *Matter of Conklin v Hernandez*, 41 AD3d 908, 911 [2007]; *Matter of Rodriquez v Van Putten*, 309 AD2d 807 [2003]). Furthermore, the Family Court's determination that the father should have only monthly telephone contact with the children was supported by a substantial basis in the record.

However, the Family Court improvidently exercised its discretion by, in effect, prohibiting the father from filing another petition for visitation for a period of three years (*see Matter of Franklin v Richey*, 57 AD3d at 664; *Matter of Wispe v Leandry*, 63 AD3d at 853). Since transportation is the primary obstacle to visitation in person between the children and the father, its removal as an obstacle, were the father to be transferred to a correctional facility closer to the children, may constitute changed circumstances justifying modification. Thus, the Family Court's determination that the father could not file another visitation

petition for a period of three years was not in the best interests of the children (*see Matter of Chambers v Renaud*, 72 AD3d 1433, 1434 [2010]; *Matter of Flood v Flood*, 63 AD3d 1197, 1198 [2009]).

The parties' remaining contentions are without merit. Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.