In the Matter of SUSAN M. BROWN, Respondent, v JOHN J. BROWN, Appellant. (Proceeding No. 1.) In the Matter of JOHN J. BROWN, Appellant, v SUSAN M. BROWN, Respondent. (Proceeding No. 2.) [948 NYS2d 349]—

The Family Court erred in granting the mother's family offense petition dated July 31, 2008, to the extent of finding that on August 8, 2007, and February 15, 2008, the father committed acts against the mother constituting harassment in the second degree and disorderly conduct within the meaning of Family Court Act § 812. The record does not support a determination that the father committed family offenses on those dates (*see* Family Ct Act §§ 812 [1]; 832; *Matter of Taylor v Taylor*, 62 AD3d 1015, 1016 [2009]; *Matter of Cavanaugh v Madden*, 298 AD2d 390, 392 [2002]).

"The essential consideration in any custody controversy is the best interests of the child" (*Matter of McDonough v McDonough*, 73 AD3d 1067, 1068 [2010] [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Here, contrary to the father's contention, the Family Court's determination that an award of sole legal and physical custody to the mother was in the best interests of the subject children had a sound and substantial basis in the record (*see Matter of McDonough v McDonough*, 73 AD3d at 1068). Joint custody was not feasible, since the parties failed to communicate and work together in parenting the children (*see Matter of Chery v Richardson*, 88 AD3d 788, 789 [2011]).

The Family Court must determine in its discretion what visitation will be in the child's best interests (*see Matter of Franklin v Richey*, 57 AD3d 663, 664 [2008]). Some form of visitation with the noncustodial parent will always be appropriate, absent exceptional circumstances (*id.*; *see Matter of Mera v Rodriguez*, 73 AD3d 1069 [2010]). The Family Court's determination will not be set aside unless it lacks a substantial basis in the record (*see Matter of Wispe v Leandry*, 63 AD3d 853 [2009]; *Matter of Franklin v Richey*, 57 AD3d at 664). We agree with the father that the Family Court's elimination of his previously scheduled visitation with the children after school on Mondays is unsupported by the record. Consequently, we add a provision to the order dated August 9, 2010, awarding the father visitation with the children on Mondays from the conclusion of school until 8:00 p.m. (*see Matter of Solovay v Solovay*, 94 AD3d 898,

900 [2012], *lv denied* 19 NY3d 808 [2012]; *Matter of Nell v Nell*, 87 AD3d 541, 542-543 [2011]).

The father's appeal from the order dated September 29, 2010, has been rendered academic in light of our determination to add visitation on Mondays to the father's visitation schedule set forth in the order dated August 9, 2010 (*see Matter of Harris v Magee*, 77 AD3d 944 [2010]).

The father's remaining contentions are either without merit or not properly before this Court. Balkin, J.P., Hall, Lott and Cohen, JJ., concur.