In this case, the father petitioned for visitation with the subject children, born on December 17, 2002, and March 6, 2006. The father alleged that the children resided with the mother in Bay Shore. The father was incarcerated at Woodbourne Correctional Facility.
At an appearance in the Family Court on July 25, 2011, the mother’s attorney moved to dismiss the petition. The Family Court, in effect, denied the mother’s motion and held what it referred to as a hearing on the merits, at which the attorneys for the father, the mother, and the children advanced their clients’ respective positions. No witnesses were called. On the next day, the Family Court rendered its decision on the record, denying the petition, and issued the order appealed from, denying the father’s petition. The father appeals. We reverse the order and remit the matter to the Family Court, Suffolk County, for a full evidentiary hearing to determine the best interests of the children and a new determination of the father’s petition for visitation.
“[T]he determination of visitation is within the sound discretion of the hearing court based upon the best interests of the child, and its determination will not be set aside unless it lacks a substantial basis in the record” (Matter of Cardona v Vantassel, 96 AD3d 1052, 1052 [2012] [internal quotation marks omitted]; see Matter of Smith v Smith, 92 AD3d 791, 792 [2012]; *798 Matter of McLean v Simpson, 82 AD3d 1101, 1101 [2011]; Matter of Franklin v Richey, 57 AD3d 663, 664 [2008]).
“ ‘Absent exceptional circumstances, some form of visitation with the noncustodial parent is always appropriate’ ” (Matter of Franklin v Richey, 57 AD3d at 664, quoting Matter of McFarland v Smith, 53 AD3d 500, 500 [2008]; see Weiss v Weiss, 52 NY2d 170, 175 [1981]). “While it is true that a parent’s incarceration does not, by itself, render visitation inappropriate, visitation will be denied where there is substantial evidence that such visitation would be detrimental to the child” (Matter of Morales v Bruno, 29 AD3d 1001, 1001 [2006] [citations omitted]; see Matter of Cardona v Vantassel, 96 AD3d at 1052; Matter of Smith v Smith, 92 AD3d at 792; see also Matter of Garraway v Laforet, 68 AD3d 1192, 1193 [2009]).
“Generally, [visitation should be decided after a full evidentiary hearing to determine the best interests of the child. A hearing is not necessary, however, where the court possesses adequate relevant information to make an informed determination of the children’s best interests” (Matter of Johnson v Alaji, 74 AD3d 1202, 1202 [2010] [internal quotation marks and citation omitted]; see Matter of Cardona v Vantassel, 96 AD3d at 1052; Matter of McLean v Simpson, 82 AD3d at 1101; Matter of Franklin v Richey, 57 AD3d at 665).
Under the circumstances of this case, including the lack of sufficient information before the Family Court to permit a comprehensive, independent review of the children’s best interests, the Family Court erred in denying the father’s petition without a full evidentiary hearing (see Matter of Tanner v Tanner, 35 AD3d 1102, 1103 [2006]; see also Matter of Pettiford-Brown v Brown, 42 AD3d 541, 542 [2007]). Accordingly, we reverse the order and remit the matter to the Family Court, Suffolk County, for a full evidentiary hearing to determine the best interests of the children and for a new determination of the father’s petition (see Matter of Tanner v Tanner, 35 AD3d at 1103; see also Matter of Pettiford-Brown v Brown, 42 AD3d at 542). Angiolillo, J.E, Dickerson, Belen and Miller, JJ., concur.