In related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Greenwald, J.), dated September 14, 2011, as, after a hearing, in effect, granted that branch of the mother’s petition which was to modify an order of custody and visitation of the same court dated September 16, 2003, so as to award him visitation with the subject child for only two hours every other weekend in a public place.
Ordered that the order dated September 14, 2011, is affirmed insofar as appealed from, without costs or disbursements.
“Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child” (Matter of Mazzola v Lee, 76 AD3d 531, 531 [2010] [citation and internal quotation marks omitted]; see Matter of Boggio v Boggio, 96 AD3d 834, 835 [2012]). “ ‘[T]he determination of visitation is within the sound discretion of the hearing court based upon the best interests of the child, and its determination will not be set aside unless it lacks a substantial basis in the record’ ” (Matter of McLean v Simpson, 82 AD3d 1101, 1101 [2011], quoting Matter of Kachelhofer v Wasiak, 10 AD3d 366, 366 [2004]; see Matter of Smith v Smith, 92 AD3d 791, 792 [2012]). Generally, visitation should be decided after a full evidentiary hearing to determine the best interests of the children. However, a hearing is not necessary where the court possesses adequate relevant information to make an informed determination of the children’s best interests (see Matter of Ciara B. [Edward T.— Alba B.], 96 AD3d 833, 834 [2012]; Matter of Johnson v Alaji, 74 AD3d 1202, 1202 [2010]; Matter of Riemma v Cascone, 74 AD3d 1082, 1082-1083 [2010]; Matter of Hom v Zullo, 6 AD3d 536, 536 [2004]).
Here, the Family Court’s determination, in effect, granting *907 that branch of the mother’s petition which was to modify an order of custody and visitation so as to award the father visitation with the subject child for only two hours every other weekend in a public place, with further visits upon the child’s consent, was supported by a sound and substantial basis in the record. Contrary to the father’s contention, the record reveals that he was given the opportunity to address the court at length during the hearing. Further, the Family Court was fully familiar with the relevant facts after presiding over several appearances of the parties, conducting an in camera interview with the subject child, and ascertaining the position of the attorney for the child (see Rosenberg v Rosenberg, 60 AD3d 658, 658 [2009]; Matter of Potente v Wasilewski, 51 AD3d 675, 676 [2008]; Matter of Perez v Sepulveda, 51 AD3d 673, 673-674 [2008]).
Moreover, contrary to the father’s contention, the Family Court accorded the subject child’s wishes the proper weight (see Matter of Boggio v Boggio, 96 AD3d at 835; Matter of Mohabir v Singh, 78 AD3d 1056, 1057 [2010]; Matter of Mera v Rodriguez, 73 AD3d 1069, 1070 [2010]; Matter of Jennifer WW., 274 AD2d 778, 779 [2000]). In addition to the in camera interview with the then 13-year-old child, the Family Court considered, inter alia, the other testimony and statements made at the hearing. “While the authority of the Appellate Division in custody matters is as broad as that of the hearing court, deference should be accorded to the credibility determinations of the hearing court, which saw and heard the witnesses, and the hearing court’s custody determination should not be set aside unless it lacks a sound and substantial basis in the record” (Matter of Kimberly A.H. v Perez, 99 AD3d 903, 904 [2012]; see Matter of Nava v Kinsler, 85 AD3d 1186, 1186-1187 [2011]; Matter of Adams v Perryman, 68 AD3d 860, 861 [2009]). We see no basis for disturbing the determination here.
To the extent that the father argues that the Family Court failed to determine his violation petition against the mother, the status of that petition cannot be discerned from the record. Balkin, J.E, Roman, Sgroi and Cohen, JJ., concur.