■ In the Matter of THIERRY E. LEW, Appellant, v DOROTHY M. LEW, Respondent. [961 NYS2d 579]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Pizzolo, Ct. Atty. Ref.), dated January 12, 2012, which, upon directing that the father could not file further petitions until he satisfied certain conditions, without a hearing, dismissed the petition with prejudice.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith, to be conducted forthwith.

"[A] noncustodial parent is entitled to meaningful visitation. Denial of that right is so drastic that it must be based on substantial evidence that visitation would be detrimental to the welfare of the child" (*Matter of Pettiford-Brown v Brown*, 42 AD3d 541, 542 [2007] [internal quotation marks omitted]; *see Matter of Walker v Diaz*, 95 AD3d 1225 [2012]; *Matter of Kachelhofer v Wasiak*, 10 AD3d 366 [2004]). Generally, visitation should be determined after a full evidentiary hearing to determine the best interests of the child (*see Matter of Feldman v Feldman*, 79 AD3d 871 [2010]; *Matter of Franklin v Richey*, 57 AD3d 663, 665 [2008]; *Matter of Pettiford-Brown v Brown*, 42 AD3d at 542). "However, a hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child['s] best interest" (*Matter of Peluso v Kasun*, 78 AD3d 950, 951 [2010] [internal quotation marks omitted]; *see Matter of Feldman v Feldman*, 79 AD3d at 871; *Matter of Hom v Zullo*, 6 AD3d 536 [2004]).

Here, the Family Court did not possess adequate relevant information to determine that supervised visitation with the father, as provided for in the parties' judgment of divorce, was not in the subject child's best interests. Accordingly, the court erred in dismissing the father's petition to enforce the supervised visitation provisions of the judgment of divorce without an evidentiary hearing (*see Matter of Sullivan v Moore*, 95 AD3d 1223 [2012]; *Matter of Riemma v Cascone*, 74 AD3d 1082 [2010]; *Matter of Pettiford-Brown v Brown*, 42 AD3d at 542; *see also Matter of Rodriguez v Hangartner*, 59 AD3d 630, 631 [2009]).

Moreover, "a court may not order that a parent undergo counseling or treatment as a condition of future visitation or

reapplication for visitation rights, but may only direct a party to submit to counseling or treatment as a component of visitation" (*Matter of Smith v Dawn F.B.*, 88 AD3d 729, 730 [2011]; *see Matter of Lane v Lane*, 68 AD3d 995, 997-998 [2009]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]). Thus, it was also improper for the Family Court to determine that the father could not file further petitions concerning his visitation rights until he completed, inter alia, therapeutic counseling, anger management classes, and parenting skill classes (*see Matter of Smith v Dawn F.B.*, 88 AD3d at 730; *Matter of Lane v Lane*, 68 AD3d at 998; *Matter of Williams v O'Toole*, 4 AD3d 371, 372 [2004]).

Accordingly, the matter must be remitted to the Family Court, Nassau County, for an evidentiary hearing and a new determination of the father's petition.

The father's contention that the Court Attorney Referee should have recused himself is without merit (*see Galanti v Kraus*, 98 AD3d 559 [2012]; *Hayden v Gordon*, 91 AD3d 819, 822 [2012]).

The parties' remaining contentions are without merit. Mastro, J.P., Rivera, Hall and Miller, JJ., concur.