In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an amended order of the Supreme Court, Westchester County (Wood, J.), entered May 21, 2012, as granted that branch of the defendant’s motion which was to direct him to comply with the terms of a corrected order of the same court (Tolbert, J.), dated October 17, 2011, by making the children available for supervised visitation.
Ordered that the amended order is affirmed insofar as appealed from, with costs.
The plaintiff is the custodial parent of the parties’ two children. In a corrected order dated October 17, 2011 (hereinafter the October 2011 order), the Supreme Court awarded the defendant supervised visitation with the children on Friday evenings and on alternate weekends, with visitation to begin immediately. The October 2011 order also directed, inter alia, that the defendant be evaluated by an independent psychiatrist, and thereafter participate in any therapy and treatment recommended by *860 the independent psychiatrist. Contrary to the plaintiffs contention, the therapy and treatment requirements of the October 2011 order were components of that order, and not conditions precedent to the defendant’s right to supervised visitation with the children. Indeed, “a court may not order that a parent undergo counseling or treatment as a condition of [supervised] visitation, . . . but may only direct a party to submit to counseling or treatment as a component of visitation” (Matter of Torres v Ojeda, 108 AD3d 570, 571 [2013] [internal quotation marks omitted]; see Matter of Lew v Lew, 104 AD3d 946, 946-947 [2013]; Matter of Smith v Dawn F.B., 88 AD3d 729, 730 [2011]; Matter of Lane v Lane, 68 AD3d 995, 997-998 [2009]). Accordingly, the Supreme Court properly granted that branch of the defendant’s motion which was to direct the plaintiff to comply with the terms of the October 2011 order by making the children available for supervised visitation. We note, however, that the defendant remains under a continuing obligation to comply with the therapy and treatment requirements of the October 2011 order for as long as that order remains in effect.
The defendant’s remaining contention is without merit. Eng, P.J., Balkin, Lott and Roman, JJ., concur.