■ In the Matter of ROBERT S. NEW, Appellant, v EMMA T. SHARMA, Respondent. [986 NYS2d 622]—

In related visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Aaron, J.), dated November 30, 2012, as, after a hearing, in effect, granted his petition to modify an order of visitation dated January 14, 2010, only to the extent of awarding him supervised daytime visitation.

Ordered that the order dated November 30, 2012, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that pending the hearing and new determination, the visitation provisions as set forth in the order dated November 30, 2012, shall remain in effect.

In an order dated January 14, 2010, the Family Court awarded the father, who lives in Texas, unsupervised visitation with the subject child in New York, including overnight visitation during various school holidays. The only restrictions upon the father's visitation were that a social worker would monitor exchanges of

the subject child and would have to pre-approve any accommodations chosen by the father for overnight visitation. At one point, the Family Court modified the visitation order by suspending overnight visitation. However, on a prior appeal, this Court reversed that order of the Family Court, thereby effectively reinstating overnight visitation (see Matter of Sharma v New, 87 AD3d 1070 [2011]).

In October 2010, the father filed a petition to modify the order of visitation dated January 14, 2010 (hereinafter the January 2010 visitation order), so as to eliminate the involvement of a social worker in monitoring exchanges of the subject child and approving accommodations for overnight visitation. In opposing the father's petition, the attorney for the child requested that any parenting time should be of short duration and at specific locations. The attorney for the child did not request supervised visitation. In an order dated December 7, 2010, the Family Court, in effect, denied the father's petition to modify and granted the application of the attorney for the child to modify the January 2010 visitation order so as to limit the father's parenting time to brief unsupervised visits at specific, public places.

On January 10, 2012, this Court reversed the December 7, 2010, order and remitted the matter to the Family Court, Nassau County, for it to conduct a hearing on the father's petition and the application of the attorney for the child, and to conduct an in camera interview with the subject child (see Matter of New v Sharma, 91 AD3d 652, 653 [2012]). We also instructed that, pending the hearing, the provisions of the January 2010 visitation order shall remain in effect (see id.). Upon remittitur, the matter was presented to a different Family Court judge, and a new attorney for the child was appointed.

During a preliminary conference conducted in March 2012, the Family Court issued a temporary visitation order, limiting the father's visitation to supervised visitation pending a hearing in April 2012, although our decision and order of January 10, 2012, specifically directed the continuation of unsupervised visitation pursuant to the Family Court's January 2010 visitation order.

On April 9, 2012, the Family Court conducted a hearing and an in camera interview with the child. It noted that there were pending petitions filed by the mother and that this Court had directed a hearing on the father's modification petition and the application of the attorney for the child, both from November 2010. The court initially purported to limit inquiry to the father's petition and the application of the attorney for the

child. However, at a later point, the Family Court indicated that its inquiry would be limited to whether to impose supervised visitation or therapeutic visitation, although neither the father nor the attorney for the child had requested such relief. The Family Court then permitted the mother to present testimony about the father's conduct in February 2010 and February 2011, which was allegedly in violation of the Family Court's January 2010 visitation order. The father did not have an opportunity to present evidence in support of his contention that the January 2010 visitation order should be modified to end a social worker's involvement in monitoring exchanges and approving accommodations for overnight visits.

The father correctly contends that the Family Court erred in conducting a hearing at which he was not given an opportunity to present his evidence of a material change in circumstances, sufficient to modify the January 2010 visitation order, as requested by the father (see Matter of Collazo v Collazo, 78 AD3d 1177, 1177 [2010]; Matter of Varricchio v Varricchio, 68 AD3d 774, 775 [2009]). As noted above, this Court's decision and order dated January 10, 2012, specifically instructed the Family Court to conduct a hearing on two matters, i.e., the father's modification petition and the application of the attorney for the child to award visitation of short duration in specific locations (see Matter of New v Sharma, 91 AD3d at 653). Thus, it was error for the court not to permit the father to present proof in support of his petition and, rather, to limit inquiry into whether supervised visitation was appropriate, particularly as neither relevant application asked for such relief.

Accordingly, we reverse the order insofar as appealed from, and remit the matter to the Family Court, Nassau County, for the court to conduct another hearing on the father's November 2010 modification petition and the application of the attorney for the child, consistent herewith. Nothing herein shall prevent the Family Court from considering at the same hearing any petition by the mother to modify visitation.

In addition, the father is correct in his assertion that, during the preliminary conference in March 2012, the Family Court should have, pursuant to the instructions of our January 10, 2012, decision and order, reinstated the provisions of the January 2010 visitation order. However, based on the present circumstances, we deem it appropriate to continue supervised visitation, pursuant to the Family Court's November 30, 2012, order, pending a new hearing and new determination.

In light of the foregoing, we need not reach the father's remaining contentions. Rivera, J.P., Austin, Roman and Hinds-Radix, JJ., concur.