■ In the Matter of CHAELESE BELL, Respondent, v DONTE MAYS, Appellant. [7 NYS3d 520]—

Appeal from an order of the Family Court, Orange County (Andrew P. Bivona, J.), entered January 7, 2014. The order, without a hearing, granted the mother's petition for sole legal and physical custody of the parties' children and awarded the father visitation only to the extent as agreed upon by the parties.

Ordered that the order is modified, on the law, by adding a provision thereto directing an evidentiary hearing to determine the best interests of the children and for a new determination of father's visitation; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.

The mother petitioned for sole legal and physical custody of the parties' children while the father was incarcerated. In the order appealed from, the Family Court, without a hearing, granted the mother's petition and awarded the father visitation only to the extent as agreed upon by the parties.

In adjudicating custody and visitation rights, the best interests of the child is the paramount factor to be considered (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Generally, an evidentiary hearing is necessary to determine issues of custody or visitation (*see Matter of Schyberg v Peterson*, 105 AD3d 857, 858 [2013]). However, a hearing may not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the children's best interests (*see id.*; *Matter of New v Sharma*, 91 AD3d 652, 653 [2012]).

Contrary to the father's contention, the Family Court possessed adequate relevant information to enable it to make an informed determination, without a hearing, as to whether it was in the subject children's best interests to grant the mother's petition for sole legal and physical custody (*see generally Matter of Aquino v Antongiorgi*, 92 AD3d 780, 781 [2012]).

However, the Family Court erred in, without a hearing, awarding the father visitation only to the extent as agreed upon by the parties. "Absent exceptional circumstances, some form of visitation with the noncustodial parent is always appropriate" (*Matter of Franklin v Richey*, 57 AD3d 663, 664 [2008] [internal quotation marks omitted], *see Weiss v Weiss*, 52 NY2d 170, 175 [1981]; *Matter of McFarland v Smith*, 53 AD3d 500 [2008]). Visitation with a noncustodial parent is presumed to be in the best interests of a child, even when that parent is incarcerated (*see Matter of Granger v Misercola*, 21 NY3d 86, 91 [2013]; *Matter of Kadio v Volino*, 126 AD3d 1253 [2015]; *Matter of Torres v Pascuzzi-Corniel*, 125 AD3d 675 [2015]; *Matter of Georghakis v Matarazzo*, 123 AD3d 711 [2014]). That presumption may be rebutted, however, by demonstrating, by a preponderance of the evidence, that "under all the circumstances visitation would be harmful to the child's welfare, or that the right to visitation has been forfeited" (*Matter of Granger v Misercola*, 21 NY3d at 91; *see Matter of Burgess v Burgess*, 99 AD3d 797, 798 [2012]; *Matter of Cardona v Vantassel*, 96 AD3d 1052, 1052-1053 [2012]; *Matter of Smith v Smith*, 92 AD3d 791, 792 [2012]; *Matter of Morales v Bruno*, 29 AD3d 1001, 1001 [2006]). Here, the Family Court did not possess adequate relevant information to enable it to make an informed determination as to the children's best interests so as to render a hearing unnecessary on the issue of the father's visitation.

Accordingly, we modify the order appealed from and remit the matter to the Family Court, Orange County, for an evidentiary hearing to determine the best interests of the children and a new determination regarding the father's visitation with the children. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.