■ In the Matter of ROBERT F. SEEBACK, Appellant, v NANCY SEEBACK, Respondent. [14 NYS3d 494]—

Appeal from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated November 12, 2013. The order, without a hearing, granted the mother's application to dismiss the petition, inter alia, to enforce the visitation provisions of a judgment of divorce dated April 21, 2009, and of an order dated October 24, 2011.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.

Contrary to the father's contention, he validly waived the right to counsel with respect to this proceeding. The Family Court properly advised the father of his right to counsel and of the dangers and disadvantages of self-representation, and the father knowingly, voluntarily, and intelligently waived the right to counsel (*see* Family Ct Act § 262 [a]; *Matter of Francis v Holder*, 71 AD3d 1018 [2010]; *Matter of Jazmone S.*, 307 AD2d 320, 322 [2003]; *Matter of Buhneing v Orange County Dept. of Social Servs.*, 282 AD2d 746 [2001]).

In his petition, the father sought, inter alia, to enforce a provision of a judgment of divorce dated April 21, 2009, which awarded him supervised visitation with the parties' two children, and to enforce an order dated October 24, 2011, which provided for supervised therapeutic visitation with the children. The supervised visitation occurred until late 2010, and the supervised therapeutic visitation ended approximately in March 2012. In support of his allegation that supervised visitation ceased as a result of the mother's conduct, the father submitted a letter from the president of the agency that supervised the visitation to the effect that the visitation ended due to the children's failure to attend.

Assuming the truth of the allegations in the petition, and according the petitioner the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the petition stated a valid cause of action to enforce the judgment of divorce providing for supervised visitation and the order providing for supervised therapeutic visitation.

Moreover, the Family Court erred in failing to hold a hearing prior to granting the mother's application to dismiss the father's petition. "Since [a] noncustodial parent is entitled to meaningful visitation, the denial of that right must be based on substantial evidence that visitation would be detrimental to the welfare of the child" (*Matter of Rambali v Rambali*, 102 AD3d 797, 799 [2013] [internal quotation marks omitted]; *see Matter of Balgley v Cohen*, 73 AD3d 1038 [2010]; *Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]) or that the right to visitation has been forfeited (*see Matter of Bell v Mays*, 127 AD3d 1179 [2015]). However the "determination of visitation is within the sound discretion of the hearing court based upon the best interests of the child, and its determination will not be set aside unless it lacks a substantial basis in the record" (*Matter of Myers v Anderson*, 100 AD3d 906, 906 [2012] [internal quotation marks omitted]; *see Matter of Rambali v Rambali*, 102 AD3d at 799; *Matter of Smith v Smith*, 92 AD3d 791, 792 [2012]). Here, the parties dispute the reasons as to why the father's period of supervised visitation and supervised therapeutic visitation ended. Therefore, the Family Court erred in denying the father's petition without an evidentiary hearing (*see Matter of Burgess v Burgess*, 99 AD3d 797 [2012]; *Matter of Tanner v Tanner*, 35 AD3d 1102, 1103 [2006]). Moreover, the record does not reflect that the Family Court possessed adequate relevant information to enable it to make a determination as to the best interests of the children in the absence of a hearing (*see Matter of Bell v Mays*, 127 AD3d 1179 [2015]).

Accordingly, the matter must be remitted to the Family Court, Nassau County, for a hearing to determine whether supervised visitation or supervised therapeutic visitation with the father is in the best interests of the children.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Eng, P.J., Dillon, Chambers and Barros, JJ., concur.