In the Matter of VINCENT JACKSON, Appellant, v CAROL WYLIE-TUNSTALL, Respondent. [27 NYS3d 244]—

Appeal from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated June 16, 2014. The order, without a hearing, dismissed the father's amended petition for visitation with the subject child.

Ordered that the order is reversed, on the law, without costs or disbursements, the amended petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for a hearing on the amended petition in accordance herewith.

The mother and father, who were never married, are the

parents of a daughter, born on March 21, 2003. The father has been incarcerated since August 2006. In January 2011, the Family Court issued an order awarding sole custody of the child to the mother upon the father's consent. The order did not address visitation or include a provision regarding visitation. In April 2013, the father filed a petition pursuant to Family Court Act article 6 seeking visitation with the child.

The father's initial petition stated that there had been no prior order regarding visitation. In October 2013, after the parties had appeared for several conferences, the father filed an amended petition, in which he alleged that a change in circumstances had occurred since the issuance of the January 2011 custody order. Specifically, the father alleged that he had a lengthy telephone conversation with the child in August 2013, and the child had expressed a desire to have a relationship with him. The father clarified at further court appearances, which he attended via video conference, that he sought supervised telephone visitation and to communicate with the child by letter. The mother opposed the father's amended petition and requested that the court dismiss the proceeding due to the father's failure to adequately plead a change in circumstances. After meeting with the child, the attorney for the child joined in the mother's application to dismiss the father's amended petition, asserting that the child said she did not want a relationship with the father. Without holding a hearing, the Family Court found that the father failed to sufficiently allege a change in circumstances and dismissed the amended petition. The father appeals. We reverse.

The Family Court erred when it utilized a change-in-circumstances analysis in this case. The father's initial petition stated that he was seeking an initial visitation determination and the record does not reflect that there had ever been a judicial determination, or any court-sanctioned arrangement, with respect to visitation. Since there was no prior visitation order at the time this proceeding was commenced, the court was required to consider the best interests of the child under the totality of the circumstances, without regard to a change in circumstances (see *Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *Matter of Land-Wheatley v Land-Wheatley*, 108 AD3d 674 [2013]; *Matter of Burgess v Burgess*, 99 AD3d 797, 797 [2012]; *Matter of Gutkaiss v Leahy*, 262 AD2d 681, 682 [1999]; cf. *Matter of Coull v Rottman*, 131 AD3d 964, 964 [2015]; *Matter of Rambali v Rambali*, 102 AD3d 797, 799 [2013]).

While, generally, a visitation determination should be made after a full evidentiary hearing, a hearing is not necessary

where the court possesses adequate relevant information to make an informed and comprehensive assessment of the child's best interests (*see Matter of Burgess v Burgess*, 99 AD3d at 798; *Matter of Johnson v Alaji*, 74 AD3d 1202, 1202 [2010]). Here, there was a lack of adequate relevant information before the Family Court to permit a comprehensive, independent review of the child's best interests. Thus, the court should have conducted a hearing to fully assess the best interests of the child before deciding the father's amended petition (*see Matter of Bell v Mays*, 127 AD3d 1179, 1180 [2015]; *Matter of Burgess v Burgess*, 99 AD3d at 798; *Matter of Pettiford-Brown v Brown*, 42 AD3d 541, 542 [2007]). Accordingly, we remit the matter to the Family Court, Suffolk County, for a hearing to determine the best interests of the child and for a new determination of the father's amended petition thereafter.

We express no opinion as to whether visitation is appropriate. Balkin, J.P., Hall, Roman and Maltese, JJ., concur.