■ In the Matter of Irena Izquierdo, Appellant, v Hector Santiago, Respondent. [54 NYS3d 704]—

Appeal by the mother from an order of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated March 24, 2016. The order, without a hearing, dismissed the mother's petition to modify so much of a prior order of that court (Dennis Lebwohl, J.), dated November 21, 2011, as, upon her default, suspended her visitation with the subject child.

Ordered that the order dated March 24, 2016, is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for an evidentiary hearing to be conducted with all deliberate speed and a new determination thereafter.

The parties have one child. In an order dated November 24, 2011 (hereinafter the prior order), the Family Court awarded custody to the father and suspended the mother's visitation with the child upon the mother's default. Although the prior order states that it was based on a determination of the best

interests of the child, made "after examination and inquiry," it contains no findings of fact, and the record before us does not disclose the evidentiary basis on which it was made.

In December 2013, the mother filed a petition seeking to modify so much of the prior order as suspended her visitation, alleging a change in circumstances. The parties entered into a stipulation to have the matter referred to a referee to hear and determine. Between the filing of the petition and March 24, 2016, the parties appeared before the referee no less than 10 times. Without objection from the father, a temporary order of supervised visitation was promptly put in place, and supervised visitation reports dated June 19, 2014, August 11, 2014, January 22, 2015, and June 23, 2015, respectively, all stated that the interactions between the child and the mother were warm, affectionate, and appropriate, and that the child was delighted to have the mother back in his life. Nevertheless, by order dated March 24, 2016, the Family Court dismissed the mother's petition without a hearing. The mother appeals, and we reverse.

At the outset, we note that while the right to a hearing in custody cases in not an "absolute" one, the "general rule" is that custody determinations should be made only after a full and plenary hearing and inquiry (*S.L. v J.R.*, 27 NY3d 558, 563 [2016]). Similarly, visitation determinations should generally be made after a full evidentiary hearing to ascertain the best interests of the child (*see Matter of Pettiford-Brown v Brown*, 42 AD3d 541, 542 [2007]).

The same general rule applies in the context of a petition for modification of custody or visitation, although we have previously noted that "entitlement to a hearing is more circumscribed because the initial . . . determination has already been made, and the burden is on the party seeking modification to make, at the outset, an evidentiary showing of a sufficient change in circumstances" (*Matter of Scott v Powell*, 146 AD3d 964, 965 [2017]).

Here, however, the prior order was entered upon the mother's default, and suspended her visitation without making any findings of fact. A noncustodial parent is entitled to meaningful visitation, and "[d]enial of that right is so drastic that it must be based on substantial evidence that visitation would be detrimental to the welfare of the child" (*Matter of Kachelhofer v Wasiak*, 10 AD3d 366, 366 [2004] [internal quotation marks omitted]; *see Weiss v Weiss*, 52 NY2d 170, 175 [1981]; *Matter of Bell v Mays*, 127 AD3d 1179, 1180 [2015]). Since the original circumstances under which the mother's visitation was

suspended are not in the record, summary denial of the mother's modification petition cannot be premised on the ground that she failed to show a change in circumstances (*cf. Matter of Scott v Powell*, 146 AD3d at 965). Rather, the rule that visitation determinations should be made after a full evidentiary hearing to ascertain the best interests of the child should be followed in this case (*see Matter of Pettiford-Brown v Brown*, 42 AD3d at 542).

Accordingly, the order appealed from must be reversed and the matter remitted to the Family Court, Queens County, for an evidentiary hearing to be conducted with all deliberate speed and a new determination thereafter. Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.