Matter of Garcia v Santana (2019 NY Slip Op 02871)





Matter of Garcia v Santana


2019 NY Slip Op 02871


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-10625
 (Docket No. V-22086-16)

[*1]In the Matter of Rosa Garcia, appellant,
v
Dariana Zamora Santana, et al., respondents.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Richard Cardinale, Brooklyn, NY, for respondent Dariana Zamora Santana.
Richard L. Herzfeld, P.C., New York, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the paternal grandmother appeals from an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated August 17, 2018. The order, after a hearing, granted the paternal grandmother's petition pursuant to Domestic Relations Law § 72 for visitation with the subject child only to the extent of awarding her weekly video contact with the subject child commencing on September 1, 2018, and ending on February 1, 2019.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing that weekly video contact between the subject child and the paternal grandmother end on February 1, 2019; as so modified, the order is affirmed, without costs or disbursements.
The paternal grandmother of the subject child commenced this proceeding pursuant to Domestic Relations Law § 72(1) for visitation with the child. While the petition was pending, the child's mother moved with the child from New York to Colorado. After a hearing, the Family Court granted the grandmother's petition to the extent of awarding her weekly video contact with the child, commencing on September 1, 2018, and ending on February 1, 2019. The grandmother appeals.
Contrary to the grandmother's contention, the Family Court did not improvidently exercise its discretion in determining that it was not in the child's best interests to award the grandmother visitation with the child in New York. That determination has a sound and substantial basis in the record, in light of, among other things, the nature of the relationship between the child and the grandmother, the cost and distance of travel, and the parties' relative lack of resources (see Matter of Angel R.F. [Nicholas F.], 114 AD3d 781, 782; Matter of Smith v Smith, 92 AD3d 791, 792; Matter of Powell v Blumenthal, 35 AD3d 615, 616).
However, the Family Court improvidently exercised its discretion in limiting the grandmother's weekly video contact to a period of five months. The mother indicated that she was amenable to video contact. Moreover, it would be disruptive of the relationship the grandmother was [*2]attempting to foster with the child through that contact if a new petition had to be filed and adjudicated due to the expiration of the five-month period.
The mother's remaining contention is not properly before this Court, as she did not cross-appeal from the order dated August 17, 2018.
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court