Matter of Rose G.-M. (Jonathan Z.) (2026 NY Slip Op 00772)

Matter of Rose G.-M. (Jonathan Z.)

2026 NY Slip Op 00772

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA
PHILLIP HOM, JJ.

2025-02011
 (Docket Nos. NA-14405-23, NA-14406-23, NA-14407-23, NA-14408-23)

[*1]In the Matter of Rose G.-M. (Anonymous). Administration for Children's Services, respondent; Jonathan Z. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of David Z. (Anonymous). Administration for Children's Services, respondent; Jonathan Z. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Cyruzz Z. (Anonymous). Administration for Children's Services, respondent; Jonathan Z. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Joshuan G.-M. (Anonymous). Administration for Children's Services, respondent; Jonathan Z. (Anonymous), appellant. (Proceeding No. 4.)

Elliot Green, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Eva L. Jerome of counsel), for respondent.
Martha Pollack, Brooklyn, NY, attorney for the children Rose G.-M. and Joshuan G.-M.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Jonathan Z. appeals from an order of disposition of the Family Court, Kings County (Erik S. Pitchal, J.), dated February 3, 2025. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated January 28, 2025, made after a fact-finding hearing, finding that Jonathan Z. was a person legally responsible for the subject children Rose G.-M. and Joshuan G.-M. and that Jonathan Z. abused and neglected the subject child Rose G.-M. and derivatively abused and neglected the subject children Joshuan G.-M., David. Z., and Cyruzz Z., directed that Jonathan Z. be precluded from parental access with the subject children David Z. and Cyruzz Z. while incarcerated.
ORDERED that the order of disposition is affirmed insofar as appealed from, without [*2]costs or disbursements.
The petitioner commenced these child protective proceedings against Jonathan Z. (hereinafter the appellant) alleging, inter alia, that he abused and neglected the child Rose G.-M., for whom he allegedly was a person legally responsible. The petitioner also alleged that the appellant derivatively abused and neglected the child Joshuan G.-M., for whom the appellant allegedly was a person legally responsible. In addition, the petitioner alleged that the appellant derivatively abused and neglected the children David Z. and Cyruzz Z., both of whom he is the father.
Contrary to the appellant's contention, the evidence adduced at the fact-finding hearing supported the Family Court's finding that the appellant was a person legally responsible for Rose G.-M. and Joshuan G.-M. The evidence showed that the appellant lived with the mother of those children and all four of the subject children for six years, providing financial support and childcare (see Matter of Tony C. [Kristine S.—Jadiel L.], 226 AD3d 1008, 1010).
Contrary to the appellant's further contention, under the circumstances of this case, there was a sound and substantial basis in the record for the Family Court to direct that the appellant be precluded from parental access with David Z. and Cyruzz Z. while incarcerated (see Matter of Velasquez v Kattau, 167 AD3d 912, 913; Matter of Smith v Smith, 92 AD3d 791, 792).
BARROS, J.P., VOUTSINAS, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court